35933. FELTON *v.* THE STATE.

DECIDED NOVEMBER 17, 1955.

*Jesse T. Edwards,* for plaintiff in error.

TOWNSEND, J. 1. On cross-examination a police officer who was a witness for the State testified as follows: "Q. You knew he was arrested the 15th day of May, 1955, by the city police department. You are acquainted with them, aren't you? A. Yes, sir. Q. You knew he was in custody at that time? A. At the time of his apprehension, the same day, about 10:30 that night, he was shot trying to break into another house."

A motion for a mistrial was made on the ground that this testimony volunteered by the witness was inadmissible and highly prejudicial to the defendant. The court ruled, "Overrule your motion. Don't consider anything about any other case, about him being shot or anything like that, just leave that from your minds."

This court is aware of that line of decisions holding that where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and, where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. *Southeastern Greyhound Lines* v. *Hancock,* 71 *Ga. App.* 471 (31 S. E. 2d 59) ; *Osteen* v. *State,* 83 *Ga. App.* 378, 381 (63 S. E. 2d 692) ; *Eden* v. *State,* 43 *Ga. App.* 414 (1) (159 S. E. 134) ; *Tye* v. *State,* 198 *Ga.* 262 (4) (31 S. E. 2d 471). It is also aware of that line of decisions holding that where the illegal testimony is volunteered by a witness in an answer not responsive to the question asked, and where such answer is ruled out, it is ordinarily not an abuse of discretion to refuse to grant a mistrial. *Fitzgerald* v. *State,* 82 *Ga. App.* 521 (2) (61 S. E. 2d 666) and citations; *Flournoy* v. *State,* 82 *Ga. App.* 518 (1) (61 S. E. 2d 556) ; *Haynes* v. *State,* 80 *Ga. App.* 99 (2) (55 S. E. 2d 646) ; *Harrison* v. *State,* 60 *Ga. App.* 610 (4) (4 S. E. 2d 602) ; *Stanford* v. *State,* 201 *Ga.* 173 (2) (38 S. E. 2d 823). It is also inherent in the problem that each case presents a different combination of facts, and must therefore rest on its own bottom, keeping in mind that it is the highest duty to insure a fair and impartial trial to all parties, and not to allow to be injected into the proceedings any illegal element to the prejudice of the defendant's rights in a criminal case, where his liberty and perhaps his life are at stake. The law regarding the right to mistrial for the improper conduct of counsel is controlled by Code § 81-1009, but so far as improper statements by witnesses are concerned there is no statute bearing directly on the subject, and cases must be governed by analogizing the law embodied in this Code section, and by reference to the fundamental rules of law guaranteeing fair and impartial trials. In the present case, the defendant was not arrested until some time after the breaking and entering occurred, and contended that he was not the man, resting his case primarily on the defense of alibi. To inform the jury that he was arrested in the act of breaking and entering another house on another occasion necessarily put his character in issue and prejudiced his defense, and is prohibited under our rules of evidence. Everyone is presumed to know the law, of which the rules of evidence are a part, and although this

is a violent presumption as to both lawyers and judges, and especially so as to laymen, if any layman is conversant with that principle of law which prohibits the injection into a case under ordinary circumstances of other crimes committed by the defendant on trial, it is a peace officer whose duties often involve testifying as to his part in the investigation of a case, as well in many cases, as special training in the field of criminal procedure. Such witnesses cannot be permitted by "voluntary" statements to circumvent the letter and meaning of the law so as to inject into the case illegal elements for which counsel, including the solicitor, would be held fully responsible if the answer were elicited by a direct question. In *Lewis* v. *State*, 59 *Ga. App.* 387 (1 S. E. 2d 62), a statement by the prosecuting witness to the effect that the defendant was a notorious thief was held to be grounds for a mistrial although the evidence was ruled out by the court, as this did not correct the harm and injury to the defendant. We feel the same situation exists here, and that the statement that the defendant was apprehended after being shot while attempting to break into another house was so prejudicial that the mere statement by the court that the jury was not to consider it did not cure the error, and a reversal is demanded on this ground.

2. There was no error in admitting in evidence a rope found immediately after the breaking and entering, as to which there was testimony that it had not been in the house previously, the objection being that no State's witness saw the defendant in possession thereof and it was not shown that it was used by the defendant to commit the burglary attempt. Special ground 6 is accordingly without merit.

3. The general grounds and special ground 4, which is but an amplification thereof, are not passed upon as this case is to be tried again.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*