## 31765. BULLOCK v. BULLOCK.

HILL, Justice.

Plaintiff brought an action in equity to cancel two deeds as clouds upon his title. Judgment for the plaintiff was entered upon the jury's verdict. The defendant appeals alleging that the court erred in instructing the jury on the law of fraud.

On February 26, 1974, the plaintiff had two deeds drawn up conveying his property to the defendant, a great-nephew. There is no question as to the sufficiency of the description, the form or the execution of the deeds nor is there any suggestion of fraud or undue influence in the making of the deeds. The only issue concerns the delivery of the deeds. See, for example, *Story v. Brown,* 98 Ga. 570, 573 (25 SE 582) (1896).

According to his own testimony the plaintiff kept the deeds in his closet until December 17, 1974. On that day the plaintiff, age 88, was at home sick with the flu. He put the deeds in his overcoat pocket in the bathroom. "And when [the defendant] drove up, I went in there and got them out of the coat pocket. I was laying in the reclining chair facing the window, and I seen him drive up, and when he drove up, I went out the door by the chimney; . . . And I went down and he was at the steps. I went down the steps and I said, 'Billie, I'm sick. And will you keep these papers [the deeds] till I get better.' "

An attorney testified for the plaintiff that the defendant brought the deeds to him on December 19 or 20 and asked him if the deeds were adequate. The attorney said that they were. A deputy clerk testified that she refused to accept the deeds from the defendant for recording because the grantor had not signed the transfer tax forms. On Sunday afternoon the defendant returned to the attorney taking the real estate transfer tax forms with him. The attorney filled in the forms and signed them. On December 23, 1974, the defendant had the deeds recorded in Paulding County. This evidence concerning the transfer tax and the recording of the deeds was relevant to corroborate the plaintiff's contention that there had been no delivery of the deeds. Such evidence does not, however, show fraud in the delivery.

Although the defendant's version of the events that took place on December 17 differs considerably from the plaintiff's testimony, his version also contains no evidence of fraud in the delivery. The defendant testified that at the time the plaintiff handed him the deeds he said, "You're the only one that's ever done a thing for me, and I want you to have it."

While we find sufficient evidence in the transcript to support the jury's verdict, we find no evidence of fraud in the delivery. We are unable to find harmless error in the court's charge on fraud, particularly in view of the jury's request for recharge on that law. *Willard v. Willard,* 221 Ga. 2 (2) (142 SE2d 849) (1965); *Anderson v. Barron,* 208 Ga. 785 (3) (69 SE2d 874) (1952).

Defendant's remaining enumerations of error are without merit.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only, and Jordan and Ingram, JJ., who dissent.*

SUBMITTED DECEMBER 3, 1976 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED FEBRUARY 22, 1977.

*Hayes & Hayes, Mose S. Hayes, Jr.,* for appellant.
*Fudger, Foster & Vincent, Arthur W. Fudger,* for appellee.

INGRAM, Justice, dissenting.

I would affirm the judgment of the trial court as I find no harmful error in the trial judge's charge on fraud under the evidence in this case. Perhaps there was too much emphasis on fraud. Nevertheless, there was evidence of some species of fraud and this was a jury question in the case. The jury did not believe that this aged man intended to give away during his lifetime the 184 1/2 acres he owned, on which his home is situated, to a great-nephew without receiving any of the monetary consideration recited in the deeds and without surrendering possession of the property. The nephew claimed the consideration was for past services to his uncle and contended his uncle

told him he wanted to give the property to him. On the other hand, the uncle's evidence refutes this contention by the nephew.

"Conveyances of property between near relatives, when made upon little or no consideration, are to be scanned with great care, and the giving of a deed absolute upon its face accompanied by retention of possession by the grantor is a badge of fraud though it may be explained." *Young v. Bozeman,* 229 Ga. 195 (2) (190 SE2d 523) (1972). In addition, this court held in *Haynes v. Blackwell,* 232 Ga. 430 (3) (207 SE2d 66) (1974), that: "Possession of property by the vendor after an absolute conveyance is prima facie evidence of fraud, which may be explained, and, after possession is proved, the burden of explaining it rests upon those claiming under the sale. [Citing earlier cases]."

Of course, the nephew claimed this transaction was a gift for prior services and not a sale based on present consideration. Nevertheless, the same principle ought to apply, especially where the deeds recite a monetary consideration and all the evidence shows none was paid to the grantor. The real truth of the case looks like the old gentleman may have once intended his great-nephew to have this property after his uncle's death, but not before then. Perhaps the truth will emerge from another trial where less emphasis is placed on actual fraud and more attention is given to whether there was an actual delivery of these instruments and whether they were intended as testamentary in character. However, on balance it seems to me that justice has been done between the parties by the jury, and, therefore, I would affirm the trial court's judgment which approved the present verdict.

I am authorized to state that Justice Jordan joins in this dissent.