## 55444. BOYD v. THE STATE.

SMITH, Judge.

A special agent with the Georgia Bureau of Investigation, working through an informant, purchased some marijuana from Boyd. The agent, by hearsay testimony, injected Boyd's character into issue on two occasions. Boyd's motion for a mistrial was denied. We reverse.

There are only two enumerations of error that have merit.

1. The first deals with the court's refusal to compel the agent to reveal the informant's name. In cases such as this it is usually within the discretion of the trial judge to allow or deny such revelation. *Bell v. State,* 141 Ga. App. 277 (3) (233 SE2d 253) (1977).

2. After the state's witness, the GBI agent referred to above, stated that he had a conversation with the defendant, Bernice Boyd, the district attorney asked: "Bernice Boyd — on that occasion — could you tell us what that was?" The witness replied: "I received a telephone call from my informant which stated he had set up a deal with a known narcotics dealer" (meaning the defendant). The statement was objected to as hearsay and admitted for the limited purpose of explaining the witness' conduct in going to the cafe. The judge then instructed the district attorney to proceed, saying, "All right, Mr. Turk." Without waiting for the next question, the agent then interjected, "Okay, I received a telephone call from the informant he had stated he had set up a deal with a known narcotic dealer who would sell me . . ." This time opposing counsel moved for a mistrial.

This case presents a clear example of a law enforcement officer violating two statutes by injecting hearsay testimony and placing the defendant's character into evidence.

It may well be argued that peace officers are not always well acquainted with our rules of evidence and that statements such as the one here are merely inadvertent. But if we refuse to reverse this judgment, then we provide no incentive to district attorneys and solicitors to counsel their witnesses, especially law

enforcement officers, to avoid extraneous and in- admissible outbursts. It is high time that this court go on record as opposing without reservation such conduct by law enforcement officers. When a person becomes a GBI agent he has been through some of the best training offered, and he knows that you cannot legally place the defendant's character into issue or give hearsay testimony. The state's main witness and prosecutor in this case, a GBI agent, on two different occasions voluntarily testified to matters that placed defendant's character in issue. The statements also intimated that the defendant was or had been guilty of other crimes of the same nature. To worsen an already bad situation, neither of the statements was responsive to the question asked. This proves he knew what he was doing, as he knew he was not answering a very simple question put to him by the district attorney. If he did not have evidence enough to convict the defendant without indulging in such inadmissible, voluntary, unresponsive statements, then he should never have prosecuted. This court must let it be known that it will not place its stamp of approval on such shenanigans. Either try the defendant according to the law or not at all.

*Felton v. State,* 93 Ga. App. 48 (1) (90 SE2d 607) (1955), is all the authority needed to reverse. After the two statements by the agent the court made a valiant attempt to retrieve the situation, cautioning the jury to disabuse their minds of any statement made to the witness by another. However, all of us know that when the GBI agent placed the defendant's character in evidence (and by hearsay at that) there was no way on earth for the jurors to disabuse their minds of any statement repeated to them by him.

The Supreme Court in the case of *Newton Bros. v. Shank,* 240 Ga. 471 (241 SE2d 231) (1978), zeroed in on this matter of the trial court cautioning the jurors to "disabuse their minds" of harmful testimony. The court, dealing with an instruction to the jury as to the limited admissibility of evidence of compromise, said: " 'The rule against allowing evidence of compromises is founded upon recognition of the fact that *such testimony is inherently harmful,* for the jury will draw conclusions

therefrom in spite of anything said by the parties at the time of discussing the compromise, and *in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence.'* " (Emphasis supplied.) Code § 38-202 prohibits the placing of one's character in evidence, and Code § 38-301, allows the introduction of hearsay evidence "only in specified cases from necessity." There was no necessity for hearsay evidence here. To allow the GBI agent to testify as he did deprived the defendant of a fair and impartial trial. The Supreme Court said in the *Newton Bros.* case, supra, that evidence of a compromise was inherently harmful in spite of anything the judge might say in instructing them as to the weight to be given such evidence. It would seem to us that a GBI agent's testimony as set out herein would be more potent in this case than the compromise evidence in the *Newton Bros.* case, supra. Therefore, if the jury could not disabuse its mind in that case, how can it possibly be said that the jury in this case would disabuse its mind as to the testimony by the GBI agent. This court must go on record as opposing inadmissible testimony "volunteered" by people who should know better. The way to go on record as meaning what we say is to reverse cases when this happens. We think the trial court erred in denying defendant's motion for a mistrial.

*Judgment reversed. Quillian, P. J., Webb, Shulman, Banke and Birdsong, JJ., concur. Bell, C. J., Deen, P. J., and McMurray, J., dissent.*

Submitted March 1, 1978 — Decided June 22, 1978.

*Mary M. Young,* for appellant.

*D. E. Turk, District Attorney, Gary C. Christy, Assistant District Attorney,* for appellee.

Deen, Presiding Judge, dissenting.

I dissent in view of the wide discretion vested in the trial judge to determine whether mistrials should be granted or some other remedial measure followed instead. Here the court did caution the jury to disabuse their minds of any statement made to the witness by another, and to

give it no weight in their deliberations. I find myself loathe to hold as a matter of law that these instructions were insufficient.

I am authorized to state that Chief Judge Bell and Judge McMurray join in this dissent.