### 35150. BULLOCK v. BULLOCK.

JORDAN, Justice.

J. B. Bullock, appellee, filed a complaint in the Paulding Superior Court seeking cancellation of two warranty deeds by which the appellee had conveyed to J. W. Bullock, the appellant, certain lands in Paulding County. The complaint alleged that the two deeds constituted a cloud on the appellee's title since the appellant had recorded the deeds despite the fact that they had been conveyed to him only in trust (said deeds to have been returned to the appellee upon his recovery from an illness). Following a jury verdict and judgment which awarded to the appellee his prayed for cancellation, the

appellant appealed to this court.

This is the second appearance of this case in this court. See *Bullock v. Bullock,* 238 Ga. 380 (233 SE2d 345) (1977).

1. The appellant contends that the trial court erred in denying his motion for mistrial made after the appellee stated in unresponsive answers on cross examination that the appellant had stolen his tractor and that during appellee's stay in a hospital the appellant had taken out his night nurse and "him and her went out and got drunk. . ."

The trial court denied the motion for mistrial but emphatically instructed the jury that these remarks were not admissible evidence and "not to let those remarks influence your arriving at a decision in this case in any manner whatsoever." Additionally, he admonished the appellee and directed that he not make any further voluntary remarks.

The question posed by the appellant is whether the curative actions taken by the trial court were sufficient to remove the prejudice from the minds of the jurors.

No fixed rule can be laid down as to when impermissible and prejudicial statements made in the course of a trial can be cured and each case must be examined in the light of its relevant circumstances. See *Jones v. State,* 139 Ga. App. 643, 645 (229 SE2d 121) (1976); *Felton v. State,* 93 Ga. App. 48 (90 SE2d 607) (1955); *Brown v. Wilson,* 55 Ga. App. 262 (189 SE 860) (1937). In this connection we note that the appellee was a farmer almost 92 years of age at the time, had to use a hearing aid, was testifying in the fourth trial of the case, and that the remarks were made after he had been on the witness stand for one and one-half hours including a tedious cross examination.

In *Britten v. State,* 221 Ga. 97 (143 SE2d 176) (1965) where the defendant moved for a mistrial because a witness impermissibly and prejudicially volunteered testimony which placed the defendant's character in issue by reference to the defendant's criminal act, we held that the trial court had not erred in overruling the defendant's motion for mistrial since the trial court had instructed the jury to ignore the volunteered testimony and to confine its

consideration to the offense charged against the accused. *Id.* at 102. Accord, *Woods v. State,* 233 Ga. 495, 497, 498 (212 SE2d 322) (1975); *Prater v. State,* 148 Ga. App. 831, 833 (253 SE2d 223) (1979) (the defendant's character put in issue by reference to criminal reputation).

Appellant relies on *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396) (1976) in which it was stated that "this court must go on record as opposing inadmissible testimony 'volunteered' by people who should know better," the witness in that case being a law enforcement officer. This policy has been applied only in cases involving law enforcement officers, *Felton v. State,* 93 Ga. App. 48, supra, and has been expressly held inapplicable to a lay witness. *Prater v. State,* 148 Ga. App. 831 (2), supra. The *Boyd* case is inapposite to this case as is *Newton Brothers, Inc. v. Shank,* 240 Ga. 471 (241 SE2d 231) (1978), relied on by the appellant.

Motions for a mistrial are largely in the discretion of the trial judge and will not be disturbed unless manifestly abused. *Barrow v. State,* 235 Ga. 635 (8) (221 SE2d 416) (1975); *McCorquodale v. State,* 233 Ga. 369 (12) (211 SE2d 577) (1974); *Roberts v. State,* 242 Ga. 634, 636 (250 SE2d 482) (1978). Considering the relevant circumstances of this case and the prompt curative action taken by the trial court, we find no manifest abuse of discretion in overruling the motion for mistrial.

2. Appellant contends that the court erred in refusing to give his requested charge essentially to the effect that the jury "not be sympathetic to one party or the other."

This principle of law was covered by the juror's oath as well as by the general charge given by the trial court and was not required to be given in the exact language requested. *Pollard v. State,* 236 Ga. 587, 589 (224 SE2d 420) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED OCTOBER 30, 1979.

*Mose S. Hayes, Jr.,* for appellant.

*Donald B. Howe, Jr., W. A. Foster, III,* for appellee.