## 60084. MATHIS v. THE STATE.

Carley, Judge.

The appellant, Jesse Lee Mathis, a/k/a Robert Lee Daniel, and a co-defendant, Larry Isaiah Smith, were convicted of two counts of forgery in the first degree and three counts of forgery in the second degree. The evidence shows that the incidents of forgery occurred on March 28, 1979, in Newnan, Georgia. An employee of a local florist testified that a black male customer, later identified as appellant, purchased some flowers for a funeral and presented as payment a check made payable to Benton Brooks in the amount of $174 and drawn on the account of Johnson Roofing Company. The manager of a supermarket testified that on the same day a black male, later identified as appellant, presented him with a check in the amount of $163 made payable to Benton Brooks and drawn on the account of Johnson Roofing Company. Because the manager had previously received a stolen check made payable to the same person, he became suspicious and refused to cash the check. However, the manager did follow the individual out of the store and watched him get into a car being driven by another black male. The description of the automobile and tag number were noted and reported to the Newnan Police. Subsequently, the car was stopped and the driver, co-defendant Smith, and appellant were arrested. Upon searching the car, the arresting officers found a typewriter and three additional checks made payable to Benton Brooks and drawn on the Johnson Roofing Company's account. Immediately after the arrest, the two witnesses were brought to the jail and both identified appellant. During the trial, the state offered expert testimony that the typewriter found in appellant's car was the instrument on which the checks were typed.

1. Appellant contends the trial court erred in failing to grant a mistrial when counsel for co-defendant Smith asked appellant if he was charged with the burglary of Johnson Roofing Company during the month of March. Prior to the question being answered, objection was interposed on the grounds that the question asked had the effect of placing appellant's character in issue and was highly prejudicial to

appellant. The objection to the question was sustained but the motion for mistrial was denied. However, the trial court did take prompt corrective action by instructing the jury to disregard the question and remove it from their minds and by rebuking Smith's attorney for asking the question. Appellant contends that the corrective actions of the trial court were insufficient to remove any improper impression which might have been created in the minds of the jury.

"Motions for mistrial are largely in the discretion of the trial judge . . . and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. [Cits.]" *Holcomb v. State,* 130 Ga. App. 154, 155 (202 SE2d 529) (1973); see also *Prater v. State,* 148 Ga. App. 831 (2) (253 SE2d 223) (1979). "No fixed rule can be laid down as to when impermissible and prejudicial statements made in the course of a trial can be cured and each case must be examined in the light of its relevant circumstances. [Cits.]" *Bullock v. Bullock,* 244 Ga. 538, 539 (261 SE2d 331) (1979). We are aware of our prior decisions which indicate that mistrial is more likely to be the proper solution in those instances where prejudicial matter is illegally placed before the jury by law enforcement officers and officers of the court. See *Brown v. State,* 118 Ga. App. 617, 621 (165 SE2d 185) (1968); *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396) (1978); *Felton v. State,* 93 Ga. App. 48 (90 SE2d 607) (1955). In this case the attorney for co-defendant Smith acted improperly and the trial judge was correct in delivering his admonishment to counsel as an officer of the court. However, in view of all relevant circumstances, we conclude that the trial court did not abuse his discretion in denying appellant's motion for mistrial. In reaching this decision we have taken into consideration the prompt corrective actions taken by the trial court and the fact that the jury previously had been made aware of the burglary of Johnson Roofing Company by virtue of testimony elicited during the presentation of the state's case. For the foregoing reasons, appellant's first enumeration of error is without merit.

2. In his second enumeration of error, appellant contends the trial court erred in charging the jury on the law of voluntary intoxication. At the conclusion of the charge to the jury, the trial court specifically asked both counsel if there were any exceptions to the charge as given. Counsel for appellant responded: "No, Your Honor." This failure to respond appropriately to the court's query constitutes a waiver of appellant's right to enumerate as error the charge in question. *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979); *Mayfield v. State,* 150 Ga. App. 807 (258 SE2d 613) (1979); *Williams*

*v. State,* 151 Ga. App. 765 (261 SE2d 487) (1979).

3. In his third enumeration of error, appellant contends the verdict is contrary to the law and without evidence to support it. As part of this general grounds objection, appellant attacks the fact that the indictment stated that the forgery occurred on March 23, 1979, when, in fact, it occurred on March 28, 1979. Under the criteria enunciated in Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1934) and accepted by our Supreme Court in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969), the variance in the instant case between the allegations in the indictment and the proof thereof was certainly not fatal. See also *Ingram v. State,* 137 Ga. App. 412, 415 (224 SE2d 527) (1967); *Dyer v. State,* 150 Ga. App. 760, 761 (258 SE2d 620) (1979); *Wade v. State,* 147 Ga. App. 511 (249 SE2d 323) (1978).

"While the jury can and must weigh and analyze the evidence, an appellate court, in reviewing on the general grounds, is restricted to determining if there is sufficient evidence to support the verdict of the jury." *Davis v. State,* 151 Ga. App. 222, 223 (259 SE2d 207) (1979). After conviction, the evidence in the record is reviewed on appeal in the light most favorable to the state. *Jones v. State,* 236 Ga. 901 (225 SE2d 902) (1976). Our review of the entire record convinces us that the evidence would authorize any rational trior of fact to find appellant guilty of the five counts of forgery beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Green v. State,* 152 Ga. App. 387 (262 SE2d 639) (1979).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JUNE 17, 1980 — DECIDED SEPTEMBER 9, 1980.

*James C. Stripling,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.