## 64140. JAMISON v. THE STATE.

POPE, Judge.

Appellant was charged, tried and convicted of rape, aggravated sodomy, carrying a pistol without a license and carrying a concealed weapon. He was sentenced to fifteen years, to serve ten. Appellant now appeals, asserting seven enumerations of error in addition to the general grounds.

1. Appellant's first enumeration of error is that he was deprived of his constitutional right to effective assistance of counsel. We pause to note that appellant is represented by the same counsel here as he was at the trial below. Counsel alleges that he was ineffective below because he committed a number of errors, including failure to file motions to suppress, failure to conduct adequate voir dire, failure to give an opening statement and failure to make certain objections. While in hindsight these errors are evident, they do not amount to ineffective assistance under the standard enunciated in *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). See *Spence v. State,* 163 Ga. App. 198 (1) (292 SE2d 908) (1982), and citations. The record shows that counsel filed several pretrial motions and orally presented several more. As a result of the motions, counsel succeeded in getting material fingerprint evidence excluded and otherwise handicapping the prosecution. Furthermore, the transcript clearly shows that counsel was prepared for trial and was a competent and aggressive advocate.

2. Appellant next contends that the trial court erred in not excusing a juror for cause. The prospective jurors were not asked during voir dire if any of them had ever been raped or had a family member or friend who had been raped. After selection of the jury one juror approached the court to request to be excused because her daughter had been raped five years earlier. She suggested that she might be unable to be fair and impartial. However, after being questioned at length by the court and defense counsel, she expressed convincingly that both she and her daughter had effectively recovered from the trauma of the rape and that she could be a fair and impartial juror. Because the court had an ample basis upon which to believe the juror would perform her duty justly, we do not find the court's refusal to strike her from the jury for cause to be an abuse of discretion. See *Depree v. State,* 246 Ga. 240 (2) (271 SE2d 155) (1980); *Patterson v. State,* 239 Ga. 409 (1) (238 SE2d 2) (1977).

3. The next challenge relates to the court's refusal to suppress the in-court identification of appellant by the victim. Appellant presents a "fruit of the poisonous tree" argument based upon the asserted illegality of the arrest. The legality of the arrest was not

challenged before or during trial and we will not take it upon ourselves to consider the challenge for the first time on appeal. *Respess v. State,* 145 Ga. App. 570 (5) (244 SE2d 251) (1978); *Wilson v. State,* 126 Ga. App. 145 (1) (190 SE2d 128) (1972); see also *Hawes v. State,* 240 Ga. 327 (7) (240 SE2d 833) (1977).

At the outset of trial, appellant moved to suppress the line-up and photo identifications made by the victim and to prevent an in-court identification on the basis that the victim was unable to identify appellant at the line-up or from a photo spread. The trial court overruled the motion on the ground that appellant could attack the identification evidence on cross-examination. The transcript shows that appellant's counsel thoroughly and vigorously attacked on cross-examination the investigating detective, the arresting officer and the victim as to identification of appellant and identification procedures. By these cross-examinations appellant was able to convey to the jury the points he desired, that is, to show that there was some doubt that appellant was the assailant. Therefore, we fail to see how appellant was harmed by the court's refusal to prevent an in-court identification. On the contrary, it appears to have opened the door to a wealth of opportunities for eroding the state's case, which appellant's counsel seized upon.

4. Appellant asserts that the trial court erred in refusing to grant a motion for mistrial after a witness made reference to fingerprint evidence which had previously been ordered to be excluded because the state had failed to disclose it as demanded in a Code Ann. § 27-1303 discovery motion. The witness, a police officer, volunteered the information in an unresponsive answer on re-cross examination. Defense counsel asked the police officer if she put appellant in a line-up despite the fact he did not sign a waiver of counsel. She responded, "I put him in after his prints had been identified from the prints taken from 960 St. Charles Avenue." Defense counsel immediately moved for a mistrial. The prosecutor told the court he would be agreeable to it. The court initially advised the defense that it could either cure the error by advising the jury to disregard the testimony or it could grant a mistrial, whereupon the fingerprint evidence could then become admissible in the new trial. However, when the defense renewed the motion, the court decided that the remark was not so prejudicial that it could not be cured by appropriate instructions. We agree. In *Boyd v. State,* 146 Ga. App. 359 (2) (246 SE2d 396) (1978), this court reversed a conviction because a witness, an experienced police officer, deliberately interjected inadmissible evidence which put the defendant's character in issue. Absent this showing of putting the defendant's character in issue and/or a deliberate attempt to bolster a weak case

by interjecting patently prejudicial inadmissible evidence, such volunteered testimony is generally not of itself ground for reversal. See *Coile v. State,* 161 Ga. App. 51 (1) (288 SE2d 859) (1982); *Jackson v. State,* 156 Ga. App. 255 (2) (274 SE2d 665) (1980); *Lee v. State,* 154 Ga. App. 562 (3) (269 SE2d 65) (1980). This is particularly true when the trial court purges the offensive testimony and issues adequate curative instructions. See *Davis v. State,* 157 Ga. App. 290 (277 SE2d 286) (1981); *Williams v. State,* 156 Ga. App. 635 (2) (275 SE2d 718) (1980); *Mathis v. State,* 155 Ga. App. 655 (1) (272 SE2d 520) (1980).

In this case the interjected remark about the fingerprints did not put appellant's character in issue. It may have been an attempt on the part of the witness to bolster what she perceived to be a weak case, but we cannot tell that from the record. The potential harm we see is that it may have had a damaging effect on the defense's principal strategy, which was to discredit the proffered identification evidence linking appellant to the crime. Evidence of appellant's fingerprint being found at the crime scene would certainly tend to be probative of guilt regardless of subsequent difficulty in identifying appellant. Nevertheless, we find that the trial court did not abuse its discretion in refusing to grant a mistrial for two reasons. The first is that on cross-examination and again on re-cross examination defense counsel aggressively attempted to discredit the identification testimony. The series of questions preceding the improper response were designed to cast a shadow on the line-up procedure followed in this case. Counsel surely should have anticipated the witness to become defensive under the attack and to try to justify the actions taken. While we certainly do not condone the witness' remark (see *Williams v. State,* supra), we do not find it to be a sufficient basis for reversal under these circumstances. See generally *Perryman v. State,* 244 Ga. 720 (2) (261 SE2d 588) (1979). Unlike the "shenanigans" evident in *Boyd v. State,* supra (see 146 Ga. App. at 360), the challenged remark here appears to have been made more or less innocently. The witness was desperately trying to justify her investigatory actions in the face of a vigorous attack by defense counsel when she made the remark. It was not directly responsive to the immediate question, but it was consistent with the direction of the line of questioning, that is, the propriety of the pretrial identification procedures.

The second reason we find for concluding a mistrial was unnecessary is that the trial court was able to, and did, issue curative instructions in which the jury was told to disregard the testimony, that it was not evidence and only evidence could be considered by them in making their decision. Although concededly a close question in this case, we cannot conclude that the challenged remark was so flagrantly prejudicial as to violate appellant's fair trial

rights. *Holcomb v. State,* 130 Ga. App. 154 (1) (202 SE2d 529) (1973); see *Boyd v. State,* supra. We therefore hold that the trial court did not abuse its discretion in denying the motion for mistrial.

5. Appellant also asserts as error the sending of the indictment out with the jury with two aliases on its face. There is no merit to this contention. *Radford v. State,* 140 Ga. App. 195 (1) (230 SE2d 345) (1976).

6. Appellant's remaining two substantive enumerations of error are not properly before this court because no motion to suppress the challenged evidence was made below. *Wilson v. State,* supra. Lastly, having reviewed the evidence in the light most supportive of the jury verdict, we conclude that any rational trier of fact could have found appellant guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1982 —
REHEARING DENIED OCTOBER 21, 1982 —

*Robert A. Meier IV, Sharon A. Shade, David R. Osborne,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Sylvia Gilmore, John Turner, Assistant District Attorneys,* for appellee.