39132. SABEL et al. v. THE STATE.

BELL, Justice.

On April 21, 1982, the appellants were tried and convicted in the State Court of Fulton County for the offense of failure to disperse. See, OCGA § 16-10-30 (Code Ann. § 26-2606).

The evidence presented is sufficient to show the following facts: On April 22, 1981, the appellants and some of their colleagues, members of the Revolutionary Communist Party, gathered at the Bowen Homes apartment complex to express their political views. Previously, they had held several meetings and passed out revolutionary material in the complex. A resident of Bowen Homes testified that during these prior visits, the appellants and their associates had damaged the grounds at the complex, had taken advantage of the children there by having them distribute posters and other materials, and had frequently forced themselves into tenants' apartments after being requested to leave, and that these confrontations had led to a feeling of community resentment against the appellants.

On this day, the appellants were using a bullhorn, distributing pamphlets and red flags, and canvassing from apartment to apartment to express their views. During this time, one of the appellants, Robert Hill, and an associate knocked on the door of a tenant identified as Mrs. Bailey and asked if she wished to purchase a pamphlet. She said no and tried to close her door, but Robert Hill and his associate would not allow her to do so. An argument ensued, which among other things, resulted in a gathering of 150 to 200 tenants of Bowen Homes. This group demonstrated hostility to the appellants and their associates.

At this time, the Atlanta police arrived on the scene. The officers' assessment of the situation was that the appellants were in danger and that a possible riot was developing which could not be handled by the available officers. The residents were "cursing" and "raising hell" with the appellants and were threatening that if the police did not remove the appellants, they would, and the appellants would be hurt. The officers had some success in attempting to disperse the residents of Bowen Homes, but their requests to disperse were ignored by the appellants.

Subsequently, the officers arrested the appellants because of the

existence of what they deemed an emergency situation. The appellants appeal their convictions and make several constitutional challenges to OCGA § 16-10-30 (Code Ann. § 26-2606).

We affirm the convictions and find the constitutional challenges to be meritless.

1) The trial court properly found OCGA § 16-10-30 (Code Ann. § 26-2606) not to be unconstitutionally vague in violation of the appellants' rights of due process. Due process requires that a criminal statute be sufficiently defined so that persons of common intelligence may recognize its prohibition and conduct themselves so as to avoid that which is forbidden. See, Rose v. Locke, 423 U.S. 48-50 (96 SC 243, 46 LE2d 185) (1975); *Wilson v. State,* 245 Ga. 49, 53 (262 SE2d 810) (1980); *Caby v. State,* 249 Ga. 32 (1) (287 SE2d 200) (1982). OCGA § 16-10-30 (Code Ann. § 26-2606) provides that "A person in a gathering who refuses to obey the reasonable official request or order of a peace officer or fireman to move, for the purpose of promoting the public safety by dispersing those gathered in dangerous proximity to a fire or other emergency, is guilty of a misdemeanor."

The appellants contend that OCGA § 16-10-30 (Code Ann. § 26-2606) is unconstitutionally vague since citizens can only speculate as to what is meant by "reasonable official request," "dangerous proximity," and "emergency." We disagree. These words, when given their ordinary meaning, (OCGA § 1-3-1 (b) (Code Ann. § 102-102)) are words of common understanding that are "sufficiently definite to inform a person of common intelligence as to when he is violating the law." *Wilson v. State,* supra, p. 53.

2) Next, the appellants contend that the trial court erred in not finding OCGA § 16-10-30 (Code Ann. § 26-2606) to be overbroad. We find this contention to be without merit.

" 'A law is void on its face if it "does not aim specifically at evils within the allowable area of (government) control, but . . . sweeps within its ambit other activities that constitute an exercise" of protected expressive or associational rights.' Tribe, American Constitutional Law, § 12-24, p. 710, quoting Thornhill v. Alabama, 310 U. S. 88, 97 (60 SC 736, 84 LE 1093) (1940). '(P)articularly where conduct and not merely speech is involved, . . . the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.' Broadrick v. Oklahoma, 413 U.S. 601, 615 (93 SC 2908, 37 LE2d 830) (1973)." *Caby v. State,* supra, p. 33.

The appellants contend that the statute is overbroad because, as in their situation, it sweeps within its ambit protected first amendment speech. We disagree. OCGA § 16-10-30 (Code Ann. § 26-2606) regulates activity in which the appellants freely admit the

state has a legitimate interest, i.e., that in emergency situations, peace officers and firemen need some authority and discretion in order to bring the situations under control. In addition, the appellants were not arrested solely as a result of their speech, but rather, as a result of their conduct, the surrounding circumstances, and their refusal to disperse. Although OCGA § 16-10-30 (Code Ann. § 26-2606) may to some unknown extent deter protected free speech, we do not find such speculative overbreadth to be substantial in relation to the statute's plainly legitimate sweep.

3) The appellants additionally assert that OCGA § 16-10-30 (Code Ann. § 26-2606) is unconstitutional as applied to their arrest and convictions.

They contend that they were peacefully and orderly expressing their views on communism in a public area when the audience created a condition of unrest. They contend that since their conduct was well within the sphere of conduct protected by the First Amendment their arrests and convictions under OCGA § 16-10-30 (Code Ann. § 26-2606) violate their right to free speech and cannot stand. See, Gregory v. Chicago, 394 U. S. 111, 112 (89 SC 946, 22 LE2d 134) (1969); and Brown v. Louisiana, 383 U.S. 131, 142 (86 SC 719, 15 LE2d 637) (1966).

We disagree with the appellants' construction of the facts. Contrary to their assertions, the evidence shows that the appellants were not orderly and peacefully expressing their views; instead it shows that while distributing pamphlets door to door at the complex they would not let a woman, who did not desire to talk with them, close her door. Partly as a result of this altercation a gathering of 150 to 200 residents occurred. Because the appellants were not acting within the framework of constitutionally protected conduct, their arrests and convictions do not violate their First Amendment rights.

In addition, although "A state may not unduly suppress free communication of views, religious or other, under the guise of conserving desirable conditions" (see, Cantwell v. Connecticut, 310 U.S. 296, 308 (60 SC 900, 84 LE 1213) (1940)), it may suppress the speech or conduct in question where legitimate state interests, such as the control of imminent spectator violence or disorder, cannot be protected by usual crowd control techniques. See, Feiner v. New York, 340 U.S. 315, 320-321 (71 SC 303, 95 LE 295) (1950); Tribe, American Constitutional Law, Ch. 12, § 10, p. 622 (1978). From a review of the facts, we find that such a situation arose in this case. A large, openly hostile crowd (150-200 people) had surrounded the appellants which would have made it difficult for the police to have prevented any harm to them if an outbreak of violence did occur. In this case, the interest of maintaining peace and order by way of a

reasonable request of dispersal was of paramount importance. The police were at the scene for 30 minutes to an hour and only interfered with the appellants when they apprehended an imminence of violence. Under these circumstances, we find the appellants' arrests to be a practical and reasonable exercise of power by the police. Consequently, we affirm the appellants' convictions.

4) Next, the appellants contend that the trial court erred in ruling that they were not selectively prosecuted in violation of their rights to equal protection. See, Oyler v. Boles, 368 U.S. 448, 454-456 (82 SC 501, 7 LE2d 446) (1962).

The appellants contend that they were selectively prosecuted because there were approximately 200 other people similarly situated (i.e., residents of Bowen Homes who were requested to disperse) who were not arrested. We disagree with the appellants' contention.

Some selective enforcement is not in itself a constitutional violation. See, Oyler v. Boles, supra, p. 456. To be a constitutional violation, the selective enforcement must represent an intentional and purposeful discrimination based upon some unjustifiable standard such as race, religion, or other arbitrary classification. Snowden v. Hughes, 321 U.S. 1, 8 (64 SC 397, 88 LE 497) (1943); Oyler v. Boles, supra, p. 456.

We find no such purposeful discrimination in this case. Rather, we find the action taken by the police to be reasonable and permissible. There was a danger of violence which was raised by the appellants' conduct and activities and the residents' response to them. A crowd of approximately 200 people was openly hostile to the appellants. In such a situation, we find it permissible for the police to have isolated the smallest, most manageable group (i.e., the appellants) and requested them to leave in order to diffuse the potential danger.

5) The appellants also argue that the trial court erred in not granting their motion for mistrial. In response to a question by defense counsel concerning whether he had tried to disperse the residents of Bowen Homes, an Officer Britt, as part of his answer, unresponsively stated that he had arrested "these people" (i.e., the appellants) before at a similar place where a four-year-old child was "cursed out."

The trial court immediately directed the officer not to go "into that," and the defense counsel moved for a mistrial. The trial court denied the motion and instructed the jury to disregard the part of Officer Britt's answer concerning this previous incident with the appellants. To preserve this ground for appeal, the defense renewed its motion after the curative instructions. See, *Jackson v. State,* 248 Ga. 480 (2) (284 SE2d 267) (1981).

On appeal, the appellants contend that they were denied their right to a fair trial because of the prejudicial and impermissible statements of Officer Britt.

The appellants contend that *Boyd v. State,* 146 Ga. App. 359 (2) (246 SE2d 396) (1976), controls this case. They argue that *Boyd* established that as a matter of law such statements by a police officer are inherently prejudical and incapable of being cured. We disagree. We do not interpret *Boyd* as setting down the per se rule urged by the appellants, and to any extent that it does so or can be interpreted to do so, it is hereby overruled.

We intend, and we believe the Court of Appeals intended, to leave the decision of whether such statements are so prejudicial as to warrant a mistrial to the discretion of the trial court. See, *Bullock v. Bullock,* 244 Ga. 538 (1) (261 SE2d 331) (1979); *Spraggins v. State,* 240 Ga. 759 (2) (243 SE2d 20) (1978); *Lynch v. State,* 234 Ga. 446, 448 (216 SE2d 307) (1975).

Consequently, we will look at the relevant circumstances to determine if the trial court abused its discretion in denying the motion for mistrial. See, *Bullock v. Bullock,* supra, p. 540; *Spraggins v. State,* supra, p. 762. Some of the factors and circumstances to be reviewed include the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety. See, 81 AmJur2d 445, Witnesses, § 437; *Bullock v. Bullock,* supra; *Spraggins v. State,* supra.

First, we note that the presence of strong evidence that the appellants were guilty of refusing to disperse upon request in an emergency situation lessens the prejudicial impact of the officer's statement. In addition, immediately after Officer Britt's response, the trial court instructed the jury to disregard any reference to previous incidents concerning the appellants. Because of the strong evidence and the trial court's curative instructions, we find that the trial court did not abuse its discretion in denying the motion for mistrial.

6) The appellants' final argument is that the trial court's sentence violated their rights to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution. The appellants were each sentenced to twelve months imprisonment and a five hundred dollar fine with the stipulation that upon payment of the fine the remainder of the sentence could be served on probation.

Though their claim of indigency was denied by the trial court, the appellants contend that their affidavits support their claim. Their constitutional argument is that an indigent defendant cannot be forced to go to jail because he is unable to pay a fine.

Assuming the appellants are indigent, this claim is without

merit as this court has held that the probation of a jail sentence may constitutionally be conditioned upon the lump sum payment of a fine when the defendant is indigent. See, *Hunter v. Dean,* 240 Ga. 214 (239 SE2d 791) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 1983.

*Torin D. Togut,* for appellants.

*Hinson McAuliffe, Solicitor, Deborah S. Greene, E. Duane Cooper, Assistant Solicitors,* for appellee.