A89A0596. ALONSO v. THE STATE.
(384 SE2d 191)

POPE, Judge.
Defendant was convicted of two counts of child molestation and arson in the first degree. On appeal his sole enumeration of error concerns the denial of his motion for mistrial made in response to testimony by a caseworker for the Department of Family and Children Services that the mother of the victim told the caseworker "that she had been attacked herself, forcibly injected with cocaine by the [defendant]." The trial court found that the testimony was unresponsive to the question propounded, that the State by its question did not

elicit the testimony complained of, and denied the motion for mistrial and offered (repeatedly) to instruct the jury to disregard the answer. Defense counsel indicated that he believed curative instructions would exacerbate the harm caused by the testimony. The State instructed the witness not to testify about abusive acts allegedly committed by the defendant against the mother and the witness indicated he misunderstood the question.

Although we agree with the defendant that the complained of testimony of the witness was inadmissible, it does not necessarily follow that the trial court erred in denying the motion for mistrial. "In *Sabel v. State*, 250 Ga. 640 (5), 644 (300 SE2d 663) (1983), overruled on other grounds in *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984), the Supreme Court enumerated certain circumstances to be considered in determining whether the possible prejudice resulting from improper testimony can be cured so as to avoid the necessity of granting a mistrial. These include 'the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.' *Sabel v. State*, supra at 644." *Wilson v. State*, 188 Ga. App. 779, 781 (374 SE2d 325) (1988).

At the outset we note that we agree with the trial court's finding that the State did not elicit the inadmissible testimony and that the response given by the witness was unresponsive to the question asked. Nor does it appear that the witness intentionally sought to testify concerning inadmissible matters. The witness stated that it was the first time he had testified in a case of this type and that he misunderstood the question asked. Moreover, the mother testified, without objection, that she was abused by the defendant, and there was other testimony, to which no objection was made, concerning the generally abusive environment created by the defendant. The trial court repeatedly offered to instruct the jury to disregard the testimony, but defense counsel indicated he thought those instructions would do more harm than good. Under the facts here, we find the trial court did not abuse its discretion in denying defendant's motion for mistrial. *Lonchar v. State*, 258 Ga. 447 (4) (369 SE2d 749) (1988); *Wilson*, supra; see also *Bloodworth v. State*, 173 Ga. App. 688 (1) (327 SE2d 756) (1985).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MAY 22, 1989 —
REHEARING DENIED JULY 10, 1989.

*Jerry C. Gray*, for appellant.

*Timothy G. Madison, District Attorney*, for appellee.