A89A1307. CAUSEY v. THE STATE.
A89A1337. SMITH v. THE STATE.
(384 SE2d 674)

DEEN, Presiding Judge.

Appellants Causey and Smith, together with a third person not a

party to either of these appeals, were charged, in identical indictments, with conspiracy to traffic in cocaine and possession of cocaine, a substance proscribed under the Georgia Controlled Substances Act, Title 16, Ch. 13. The possession count was nol prossed, and a Floyd County jury found both appellants guilty of conspiring to traffic in cocaine. After denial of their motions for new trial (and in Causey's case, certain other proceedings) both have appealed to this court.

In Case No. A89A1307 Causey enumerates as error (1) the trial court's refusal to consider his demand for speedy trial, (2) the court's refusal to consider his motion to quash the conspiracy count of the indictment (Count I), (3), (4) the insufficiency of the evidence to prove conspiracy or venue, (5) a variance between allegata and probata, and (6) sentencing the defendant under a statute other than that under which he was convicted. In Case No. A89A1337, Smith enumerates as error (1) the trial court's allegedly placing his character in issue by mentioning a firearms charge that had already been dropped, (2) the denial of his motion for directed verdict of acquittal or in the alternative to quash the indictment for duplicity, (3), (4) failure to direct a verdict of acquittal because òf insufficiency of evidence of possession and venue, (5) failure to sever Smith's trial from Causey's, and (6) a variance between allegata and probata.

### Case No. A89A1307

1. Scrutiny of the record and of relevant Constitutional and statutory provisions indicates that no proper demand for speedy trial was ever made. This enumeration is therefore without merit. See Constitution of the United States, Amendment VI; OCGA § 17-7-170 and annot.

2. Assuming without deciding that appellant Causey's counsel properly joined in appellant Smith's counsel's oral motion to quash Count I of this indictment, we find no merit in the second enumeration. Cited in the indictment are OCGA §§ 16-13-30 ("Possession, manufacturing, distribution, etc., of controlled substances [cocaine is included in Schedule II] or marijuana . . ."), and 16-13-30 ("Attempt or conspiracy to commit offense under this article"). It is OCGA § 16-13-31, however ("Trafficking in cocaine, illegal drugs, or marijuana . . ."), which actually describes, and prescribes penalties for, the knowing sale, manufacture, delivery, importation, or possession of specified quantities of cocaine, as set forth in the indictment. Although "[a]n accused is entitled to an indictment perfect in form as well as substance if he raises the question on special demurrer [or motion to quash][,]" *State v. Shepherd Constr. Co.*, 248 Ga. 1, 3 (281 SE2d 151) (1981), the Supreme Court in *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38) (1977) (the case from which the statement in

*Shepherd* is derived), made exhaustive inquiry into Georgia cases in which the denomination of the offense in the indictment is inconsistent with the acts named or described in the text of the indictment. In *Eubanks* that court observed, at 489, that the defendant "knew the prosecutor was going to attempt to show him guilty of [a certain offense] . . . ; he knew the indictment erroneously named the crime as [a similar offense defined in a different Code section] . . . [He] alleges no prejudice to himself, and we can discern none. Any error in failing to give him a 'perfect' indictment is subject after trial to a harmless error test, and was manifestly harmless." The court concluded, at 484: "We think that those cases stating a defendant's entitlement to a perfect indictment have no literal application to a post-conviction review; that an inconsistency between the denomination and the allegations in the indictment is an imperfection, but is one that is subject to a harmless error test on appeal; and that a defendant who was not at all misled to his prejudice by any imperfection in the indictment cannot obtain reversal of his conviction on this ground."

In the instant case it was clear that appellant had notice of what he was charged with, so that he could prepare his defense and be safeguarded against double jeopardy. He has shown no harm from the ruling. The court therefore did not err in denying the motion to quash.

3. For the reasons cited in Division 2 we also find without merit appellant's fifth and sixth enumerations, which essentially restate the second.

4. As to appellant's third and fourth enumerations, we find that the evidence regarding venue and conspiracy to traffic was sufficient to authorize the rational trier of fact to find that the State had met its burden of proving them beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

## Case No. A89A1337

1. We find the court's inadvertent reference to the possession of firearms charge to have been, in the fact situation *sub judice*, harmless error at most. The transcript shows that the court immediately corrected himself and offered to give curative instructions, but that defense counsel declined, preferring that the misstatement not be emphasized thereby. This might well be deemed a waiver, or an acquiescence in the ruling. He who acquiesces at trial is not permitted on appeal to predicate error thereupon. *Williams v. State*, 183 Ga. App. 373 (358 SE2d 914) (1987). The transcript further indicates that the court gave full and fair instructions on presumption of innocence, burden of proof, and other relevant matters. We find it highly probable, especially in the light of other evidence of guilt presented at trial,

that the error did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). See also *Schneble v. Florida*, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972). This enumeration is without merit.

2. For the reasons set forth in Case No. A89A1307, Division 2, supra, we find no merit in appellant's second or sixth enumeration of error.

3. As in Division 4 of Case No. A89A1307, supra, we find the evidence as to both venue and possession (as defined in the Code) to be sufficient to authorize the rational trier of fact to conclude that the State had met its burden of proof beyond a reasonable doubt. *Jackson v. Virginia*, supra.

4. Whether to sever the trials of co-defendants is a matter of discretion with the trial judge, and, absent abuse, his decision will not be disturbed by the appellate court. OCGA § 17-8-4; *Glover v. State*, 188 Ga. App. 330 (373 SE2d 39) (1988). Factors to be considered by the court in its exercise of discretion are as follows: (1) Will the number of defendants create confusion as to evidence and law relative to the separate defendants?; (2) Is there a danger that evidence admissible against only one defendant (or, where there are more than two defendants, only against certain ones of them) will nevertheless be considered against another?; and (3) Are the defendants' respective defenses antagonistic to the defenses, or the rights, of another? *Glover v. State*, supra at 331. It is the defendant who has the burden of showing, on his motion to sever, that any of the named criteria are applicable so as to prejudice his defense.

In the instant case the record indicates that the jury was meticulously instructed that a separate verdict must be returned for each of the two defendants and (depending on the circumstances) only certain evidence could be considered against each defendant. We find that the trial court's denial of the motion to sever was not erroneous, and that appellant's fifth enumeration of error is consequently without merit.

*Judgments affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 3, 1989 —
REHEARING DENIED JULY 13, 1989.

*William H. Newton III*, for appellant (case no. A89A1307).
*Richard E. Barnes*, for appellant (case no. A89A1337).
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.