A90A2193. MOBLEY v. THE STATE.
(402 SE2d 100)

SOGNIER, Chief Judge.

Danny Mobley was convicted of selling cocaine, and he appeals.

The evidence adduced at trial, construed to support the jury's verdict, showed that Agent Jeff Canady of the Grady County Drug Squad had been engaged in an undercover narcotics investigation for several months, during the course of which he became acquainted with Phillip Simmons. Simmons did not know Canady was a law enforcement officer. On August 9, 1989, Canady and Simmons were riding in a car furnished to Canady for the undercover operation when Simmons told Canady to follow a blue Pontiac Grand Prix because the driver had some "tens and twenties," which Canady testified meant either ten or twenty dollar rocks of cocaine or ten or twenty dollar bags of marijuana. Simmons then instructed Canady to go to a certain park in the city of Cairo and wait. When the Grand Prix arrived at the park, Simmons and Canady approached the driver, who was the lone occupant of the Grand Prix, and Canady purchased a twenty dollar rock of cocaine. Immediately after the purchase, Simmons told Canady the driver's name was "David."

During his approach to the Grand Prix Canady noted its tag number and, after leaving Simmons, Canady called the commander of the drug squad, Jimmy Black, and asked him to investigate the tag number. The car was registered to appellant. Canady testified that he later identified appellant, from a photograph, as the driver of the car. Chain of custody of the cocaine rock was established at trial, and expert testimony identified it as cocaine.

1. We find the evidence sufficient to authorize the jury to convict appellant of selling cocaine under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Dublin v. State*, 194 Ga. App. 606 (391 SE2d 451) (1990).

2. Appellant contends the trial court erred by denying his motion to sever his trial from that of his codefendant, Simmons. We find no merit in this enumeration. The decision regarding severance is within

the discretion of the trial court. *Causey v. State*, 192 Ga. App. 294, 297 (4) (384 SE2d 674) (1989). Appellant argues that because the jury was told he had gone to school with Simmons and had known him since childhood, he was prejudiced by evidence presented of Simmons' history of cocaine abuse and several other charges of selling cocaine pending against Simmons, in that the jury naturally associated appellant with Simmons' other illegal activities, which would not have been admissible against appellant in a separate trial. That concern is, indeed, one of the factors the court must consider in deciding whether severance is required. Id. However, the transcript shows that the trial court "meticulously instructed [the jury] that a separate verdict must be returned for each of the two defendants," id., and that they were to consider any evidence of Simmons' prior crimes "solely with reference to . . . Simmons" and should "not give such evidence any consideration in [their] deliberation of the guilt or innocence of [appellant]." Consequently, here, as in *Causey*, we find that the trial court's denial of appellant's motion to sever was not an abuse of discretion. Id.

3. Appellant maintains that Canady's identification of him from a single photograph offended the requirements of due process, and that consequently the photograph should not have been admitted into evidence. However, even assuming, arguendo, that the original identification from a single photograph was impermissibly suggestive, see *Talley v. State*, 137 Ga. App. 548, 551 (224 SE2d 455) (1976), in order to establish a due process violation appellant must also show a very substantial likelihood of irreparable misidentification. Id. "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). Applying these factors, we find that the likelihood of misidentification was not very substantial. Canady was completely certain of his identification both at trial and shortly after the crime. He testified that he "stared at" appellant for a few minutes during the drug deal and got a good look at him.

Appellant's argument that Simmons' identification of appellant as "David" before the deal was made shows that appellant was not the driver of the Grand Prix is rebutted by Canady's testimony that different names are often used in drug deals. The jury would have been authorized to conclude that a different name was given to protect appellant's identity. Appellant's emphasis on the absence of a description of the driver on the incident report completed by Canady is misplaced, as the missing description was explained by Canady,

and any inference drawn from the lack of such a description would go to the weight, rather than the admissibility, of the photograph. See *Manson v. Brathwaite*, 432 U. S. 98, 117 (97 SC 2243, 53 LE2d 140) (1977). Accordingly, we find no error in the trial court's admission of the photograph into evidence on this basis. Id.

4. Appellant contends the trial court erred by admitting the photograph into evidence because it impermissibly placed appellant's character in issue by displaying him with an identifying number hung around his neck, thus intimating that appellant had been guilty of a previous crime. This court has held that " '[t]he picture of [a] defendant with an identifying number does not indicate that the defendant was guilty of any previous crime and does not place his character in issue.' [Cit.]" *Anderson v. State*, 152 Ga. App. 268, 269 (2) (262 SE2d 560) (1979); *Little v. State*, 135 Ga. App. 772 (1) (219 SE2d 19) (1975). Although in *Anderson* the photograph was taken at the time the accused was arrested for the crime which was being tried rather than upon a previous arrest, contrary to appellant's assertion we find that to be a distinction without a difference, as the jury would have no way of discerning that the photograph admitted was made at the time of a previous arrest.

5. In his final enumeration, appellant contends the trial court erred by denying his motion for a mistrial made when Black referred to the photograph as having come from Cairo Police Department files. Appellant argues that this statement was prejudicial to him by indicating to the jury that he had a police record, and that our holding in *Boyd v. State*, 146 Ga. App. 359 (2) (246 SE2d 396) (1978) requires reversal. We do not agree.

In *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663) (1983), overruled on other grounds, *Massey v. Meadows*, 253 Ga. 389, 390 (321 SE2d 703) (1984), the Supreme Court held that no per se rule was set out in *Boyd*, and that the decision whether to grant a mistrial in such circumstances remained in the discretion of the trial court. The *Sabel* court set out some of the factors to be reviewed in making such a determination, which include "the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." Id. at 644 (5). In the case sub judice, we note that the court gave immediate curative instructions to the jury, thus lessening the prejudicial impact of the statement. In *Ogles v. State*, 238 Ga. 716 (235 SE2d 384) (1977), the Supreme Court determined that a very similar response by a testifying police officer did not place the character of the defendant in issue and was not grounds for reversal. See *State v. Marshall*, 195 Ga. App. 535, 537 (2) (394 SE2d 379) (1990). Moreover, appellant failed to renew his motion for mistrial after the curative instruction and thus has not preserved this ground for appellate review. See *Jackson v. State*, 248 Ga.

480, 483 (2) (284 SE2d 267) (1981).
*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1991.

*Porter, Lehman & Chason, J. Kevin Chason,* for appellant.
*J. Brown Moseley, District Attorney, Donald E. Henderson, Assistant District Attorney,* for appellee.