A92A0542. DORSEY v. THE STATE.
(418 SE2d 426)

JOHNSON, Judge.

Laron Dorsey (Dorsey) was indicted for the offenses of armed robbery, aggravated assault and theft by shoplifting arising from an incident which occurred on June 6, 1989, at the Bargain Town, USA in Cedartown. Following a jury trial, Dorsey was convicted of aggravated assault and theft by shoplifting. A motion for a new trial was denied. He appeals his conviction.

Dorsey's sole enumeration of error is that the trial court erred in denying his motion for a mistrial when a state's witness improperly placed his character in issue by testifying: "[W]e knew them as known shoplifters." The remark was part of a response to a general question posed by the assistant district attorney to describe the incident. The evidence was offered to explain why the employees of the store, in conjunction with the fact that Dorsey was wearing a denim jacket over a shirt on a hot summer morning, were watching Dorsey while he was in the store. Dorsey's counsel made a timely motion for mistrial. A proper curative instruction was given to the jury. "In *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663) (1983) . . . the Supreme Court held that . . . the decision whether to grant a mistrial in such circumstances remained in the discretion of the trial court. The *Sabel* court set out some factors to be reviewed in making such a determination, which include 'the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.' Id. at 644 (5)." *Mobley v. State*, 198 Ga. App. 497, 499 (5) (402 SE2d 100) (1991).

Dorsey testified in his own defense. In explaining why he had left the scene after being told by a store employee that the police were going to be called, he stated: "I was on intensive probation at the time and I had violated it and they was looking for me with a warrant and I knew if they came they was going to take me to jail. . . ." In light of this testimony which clearly informed the jury of prior criminal acts, as well as the rest of the evidence presented at trial, it is "highly probable" that the remark made by the witness did not play a role in the jury's conviction. See *Rigenstrup v. State*, 197 Ga. App. 176, 178 (1) (398 SE2d 25) (1990).

We find that a proper curative instruction was given following the unsolicited remark of the witness, and in the absence of a showing that the remark had any prejudicial effect on the outcome of the trial, we find that the trial court did not abuse its discretion in refusing to grant a mistrial.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

Decided April 24, 1992.

*T. Peter O'Callaghan, Jr.*, for appellant.
*W. A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.