### DANCE et al. v. MIZE.

1. The contract sued on was a covenant by two members of a dissolved partnership with a retiring member to pay the debts of the partnership, and an admission by them that the partnership was indebted to the retiring partner in a particular sum, for two thirds of which they were liable. Giving the contract this construction, the petition set forth a cause of action.

2. On an issue of whether the contract was procured by the fraudulent representation of the plaintiff of a material fact, the admission of evidence that the defendant offered to pay a less sum in compromise of any liability under the contract is harmful error.

JUNE 22, 1910.

Complaint. Before Judge Kimsey. Stephens superior court. May 14, 1909.

*Robert McMillan*, for plaintiffs in error.

*J. B. Jones* and *Fermor Barrett*, contra.

EVANS, P. J. T. W. Mize brought suit against C. H. Dance and W. M. Kilgo, alleging that the plaintiff and defendants during the year 1900 were partners, conducting a mercantile business under

the firm name of Dance, Kilgo, & Mize; that the partnership was dissolved on December 31, 1900; that upon a final settlement between the parties the defendants assumed the liabilities of the part-nership, took charge of the assets, and agreed in writing that the defendants were indebted to petitioner in the sum of $181.80 (which is two thirds of $272.70), which said sum the defendants agreed to pay, pursuant to the attached contract. It was alleged that the defendants refused to pay the amount sued for. The attached contract is as follows:

"State of Georgia, Habersham County. This agreement made and entered into between C. H. Dance and W. M. Kilgo of the one part, and T. W. Mize of the other part, both parties of the county and State aforesaid, witnesseth, that whereas the said party of the first part were partners in business in the city of Toccoa, under the firm name and style of Dance & Kilgo up to January 1, 1900, when on said date the said T. W. Mize, party of the second part, came into the said firm of Dance, Kilgo & Mize, and that the said debts of Dance & Kilgo was paid off and discharged by the firm of Dance, Kilgo & Mize, and that said firm of Dance, Kilgo and Mize has been dissolved, owing and liable for obligations to the amount of three thousand, eighty-five and 53/100 dollars, and that the books of said firm of Dance, Kilgo & Mize show, on a final settlement among the partners themselves, that there is due said T. W. Mize after all liabilities are discharged the sum of two hundred, seventy-two & 70/100 dollars, but still liable to the creditors of Dance, Kilgo & Mize. Now, for and in consideration of the sum of one dollar to us paid by the said T. W. Mize, we, C. H. Dance and W. M. Kilgo, agree so far as in our power to save said T. W. Mize harmless in the payment of the outstanding obligations of the late firm of Dance, Kilgo & Mize; that is to say, that we will discharge said obligations of Dance, Kilgo & Mize the same as if they were our individual obligations, as fast as we can; and in the event of our failure to cancel or settle said obligations, or either of them, and the same were sued to judgment and execution levied and sale ordered, that our own property shall be first taken and disposed of before the said T. W. Mize's property shall be levied on, or in any manner interfered with, or molested in any way, if by our best efforts we can control or in any wise direct the same so as to save him harmless from said obligations of Dance, Kilgo & Mize—on

account of the balance due said T. W. Mize on a settlement of said firm debts, as shown by the books. And the said T. W. Mize, party of the second part, agrees to all the specifications herein mentioned in this agreement. In witness whereof we have hereunto set our hands and seals, this Jan. 14, 1902. Executed in the presence of W. I. M. Tabor. [Signed] C. H. Dance (L.S.); W. M. Kilgo, (L.S.); T. W. Mize (L.S.)"

The defendants demurred to the petition on the grounds, that no cause of action was set out; that the contract sued on shows that if there is any liability it is the liability of the firm of Dance, Kilgo & Mize, and not the liability of the defendants; that there is a misjoinder of parties; that the contract is too vague, and of no binding effect. The court overruled the demurrer, and pendente lite exceptions were duly certified. The defendants answered, admitting that they signed the contract, and that at the time of the alleged settlement the gross profits, including outstanding notes and accounts due the partnership, both solvent and insolvent, were taken into account, and each member of the partnership was credited with his share of the profits; that $1,000 worth of these accounts were uncollectible, and that one third of this loss should be sustained by the plaintiff; that the defendants had complied with the terms of the contract, and had saved the plaintiff harmless by paying all of the outstanding obligations of the partnership; that there never had been a final settlement of the partnership; and that upon a final winding up of the partnership affairs it would be discovered that the plaintiff was indebted to the defendants. By amendment it was alleged, that the plaintiff was the bookkeeper of the firm of Dance, Kilgo & Mize and had complete charge of the books; that at the time the contract sued on was signed the defendants acted upon the representation of the plaintiff as to what the books of the firm showed; that they were induced to sign the contract by the fraud and misrepresentation of the plaintiff, the defendants having the utmost confidence in the plaintiff and relying solely on his representation as to what the books did show: that upon an examination it was found that the books showed an indebtedness of $272.70 due the partnership by the plaintiff instead of an indebtedness of $272.70 due plaintiff by the partnership; wherefore they asked for a judgment for two thirds of this amount, to wit, $181.80. The trial resulted in a verdict for the

plaintiff for $181.80, which verdict the court refused to set aside on motion for new trial, and the defendants excepted.

1. The petition alleged that the partnership was dissolved on December 31, 1900, and the contract, for the breach of which the suit was brought, was executed about one year thereafter. The contract recites that the partnership had been dissolved, and owed at the time of its dissolution $3,085.53. The contract further recites that the books "show, on a final settlement among the partners themselves, that there is due said T. W. Mize, after all liabilities are discharged, the sum of two hundred, seventy-two and 70/100 dollars, but still liable to the creditors of Dance, Kilgo & Mize." Then follows the covenant on the part of the defendants that they will pay all of the outstanding liabilities as if they were their individual obligations; and they covenant to do this "on account of the balance due said T. W. Mize on a settlement of said firm debts, as shown by the books." The parties in their contract did not contemplate that Mize was to pay any of the partnership debts. The reasonable construction of the contract, and the only construction which will have the effect of rendering it any sort of an obligation, is that after the dissolution of the partnership the partners agreed upon a settlement, by the terms of which the defendants assumed all of the liabilities of the partnership, took charge of its assets, and acknowledged the partnership's liability to the retiring member in the sum represented on the books of the partnership, viz., $272.70. Giving the contract this construction, the petition set forth a cause of action.

2. Complaint is made that the court allowed, over the defendants' objection, a witness to testify that he heard a conversation, subsequently to the contract which is the basis of the suit, in which one of the defendants proposed to pay the plaintiff a certain sum by way of compromise. Propositions of compromise are inadmissible in evidence. Civil Code, § 5194. The defendants denied liability under the contract, for the reason that it was obtained by the fraudulent representation of the plaintiff as to the condition of the books; and that was an issue in the case. The effect of this evidence was to afford a possible inference that the defendants would not have offered to pay a sum under a contract obtained from them by fraud; and therefore the illegal testimony operated to their injury. *Judgment reversed. All the Justices concur.*