## 32815. NEWTON BROTHERS, INC. v. SHANK.

UNDERCOFLER, Presiding Justice.

We granted certiorari to consider whether testimony of compromise offers was admissible solely to rebut a counterclaim for abuse of civil process based upon allegations of bad faith.

In 1964, Shank acquired a filling station and wholesale (fuel) distributing agency with Sinclair. This acquisition included a bulk plant serving Wilkes and Lincoln counties and part of Oglethorpe County. In 1973, Newton Brothers, Inc., purchased Sinclair's (Amdel, Inc.) assets in Wilkes and Lincoln counties. It is undisputed they then purchased two trucks from Shank and paid for them. Shank alleged Newton Brothers also bought 80 fuel storage tanks from him which was denied and Shank sued. Newton Brothers counterclaimed for abuse and misuse of civil process alleging bad faith. At trial, Shank was permitted over objection to admit evidence of offers by Newton Brothers to compromise the dispute. The trial judge admitted this evidence for the sole purpose of refuting the "contention" Shank was acting in bad faith, and the jury was instructed to consider the testimony only for that purpose and not as an admission of liability. The Court of Appeals affirmed, holding in Division 1 of its opinion (*Newton Bros. v. Shank*, 143 Ga. App. 21 (237 SE2d 412) (1977)), the trial court did not err where such evidence was admitted only as rebuttal of appellant's counterclaim and instruction given. We reverse.

"[A]dmissions or propositions made with a view to a compromise, are not proper evidence." Code Ann. §

38-408; *Emery v. Atlanta Real Estate Exchange*, 88 Ga. 321, 331 (3) (14 SE 556) (1891) and cits. "The rule against allowing evidence of compromises is founded upon recognition of the fact that such testimony is inherently harmful, for the jury will draw conclusions therefrom in spite of anything said by the parties at the time of discussing the compromise, and in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence." *Ga. R. & Electric Co. v. Wallace & Co.*, 122 Ga. 547, 551 (50 SE 478) (1905).

Newton Brothers denied liability, claiming no contract existed to purchase appellee's interest in the fuel tanks. Their counterclaim went to the issue of bad faith by Shank in bringing suit and permitting him to testify relative to such offers could not resolve that issue. Here, conflicting evidence emerged as to the existence of an implied contract between the parties and the evidence of offers to compromise raised the dual inferences that Shank acted in good faith and that the Newton Brothers counterclaim was unfounded, both inherently harmful to appellants. See *Dance v. Mize*, 134 Ga. 646, 649 (2) (68 SE 434) (1910).

*Division 1 of the Court of Appeals opinion and the judgment are vacated and the case is remanded to the Court of Appeals for further consideration consistent with this opinion. All the Justices concur.*

ARGUED NOVEMBER 14, 1977 — DECIDED JANUARY 5, 1978.

*Cook, Noell, Bates & Warnes, John S. Noell, Jr.,* for appellant.

*Guy B. Scott, Jr., Wilbur A. Orr,* for appellee.