## 59407. STEPHENS v. CLARK.

DEEN, Chief Judge.

1. The parties to this litigation executed a partnership agreement on May 13, 1977, for the purpose of building and selling a house utilizing solar energy as the main source of light and heat. Immediately thereafter they investigated the subdivision in which Stephens lived, decided on a lot with the proper exposure, and the

appellee Eileene Clark purchased it for $15,000, taking title in her own name. Thereafter a construction loan was obtained and the house was erected, mainly under the direction of the appellant Stephens, who installed a solar heating system provided by a corporation in which he was the majority stockholder. The solar equipment was eventually removed and the house sold at a loss, Clark receiving approximately $18,000 over the then outstanding indebtedness.

Stephens thereafter filed a suit in six counts, alleging that the general partnership commenced around May 13, 1977, and was dissolved about December 26, 1978; seeking an accounting, damages, the imposition of a constructive trust, and in Count 4 alleging the filing of a laborer's or contractor's lien for labor and materials in the sum of $18,000 as to which he sought judgment with a lien against the property. A motion for summary judgment as to Count 4 and to dissolve the lien attempted to be filed against the $18,000 (which had been received by appellee from the sale of the house and paid into the registry of the court) was granted and the appeal is from this order.

"A partnership may be created either by written or parol contract, or it may arise from a joint ownership, use, and enjoyment of the profits of undivided property, real or personal." Code § 75-101. The partnership agreement here read in part as follows: "For the purpose of splitting profits and arranging financing the terms shall be 50-50 between the parties. All out-of-pocket expenses and expendable costs shall be borne equally." Clark was given the responsibility of obtaining financing and handling promotional and sales efforts; Stephens was to supervise and handle construction, design and install the solar system, and aid in the sales effort. A construction loan was obtained and used. Should the house not sell within six months of completion, Clark was to assume all responsibility for the loan and receive 75 percent of the profit from sale; if it did not sell within one year she was to "receive total liability and profit from said house." It is obvious that during the initial construction the written agreement assigned certain responsibilities and provided for an equal division of profits. Nowhere was a loss potential dealt with. "Unless otherwise provided in the agreement, partners shall be equally interested in all the stock or property brought into the business, it matters not by which; partners shall be equally entitled to share the profits and equally bound to pay the losses." Code § 75-206. Thus, regardless of Stephens' statement in a deposition that he was not to have any financial liability, he has produced no evidence that this was the understanding of the parties, and the partnership agreement on

which he relies makes no such statement. The appellant's brief states that the parties were partners and were controlled by the partnership agreement, and that "the partnership property, a lot on which the Solar House was to be built was put in Appellee's name." Clark also readily accedes to these facts and testified by deposition: "It was partnership property paid for by my money. And with my name on the note at the bank . . . I would not have bought the lot had it not been for the partnership." Thus the property on which the appellant attempted to place a lien was the property of the partnership of which he was a member.

2. As a general rule, a party cannot hold a lien on his own property. *Clay v. Banks,* 71 Ga. 363. It is a claim which one person has on the property of another. *Waldroup v. State,* 198 Ga. 144 (30 SE2d 896) (1944). It is a common law remedy, and one seeking to make good a lien on real property must bring himself clearly within the law relating thereto. *Commercial Bank v. Pharr,* 75 Ga. App. 364 (43 SE2d 439) (1947). And because such liens are creatures of statute and strictly construed, they may not be extended to cover instances not clearly and plainly provided for thereby. *Ga. Pacific Corp. v. Dan Austin Properties,* 126 Ga. App. 191 (190 SE2d 131) (1972), affd. 229 Ga. 803. "[C]reditors of the partnership do not have a lien upon partnership assets unless they acquire that lien by mortgage or by levy or other legal process. Nor does equity have any original jurisdiction to enforce the rights of partnership creditors." 2 Barrett & Seago, Partners & Partnerships, 187, Ch. 9 § 1. All the more does one of co-equal partners not have a right to a common law materialman's or contractor's lien on the partnership property. As the record stands both parties contend that the house and lot are partnership property. Both partners are equally bound to share the profits and to bear the losses. One partner, therefore, cannot by enforcing a lien against the other partner on such property reclaim his share of the assets. The trial court properly dissolved the lien and granted summary judgment against Count 4 of the complaint.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED FEBRUARY 6, 1980 — DECIDED APRIL 10, 1980.

*John W. Gibson, Marvin M. Rice,* for appellant.
*J. C. Rary, Robert P. Hoyt,* for appellee.