## 65128. WILLS et al. v. McAULEY.

McMURRAY, Presiding Judge.

This action seeking damages for personal injuries arising from an automobile crash was initiated by the plaintiff against defendant Wills. Later, by order of the trial court on plaintiff's motion, four additional defendants were named as parties to the action. See in this connection *Ed Sherwood Chevrolet v. McAuley,* 164 Ga. App. 798 (298 SE2d 565), a companion case.

After discovery, plaintiff by motion requested the imposition of sanctions against defendant Wills. Plaintiff's motion was predicated upon an assertion that defendant Wills had "knowingly perjured himself" during discovery and prayed for the striking of defendant Wills' answer, entry of judgment by default against him and the award of reasonable expenses in ascertaining facts made necessary by the alleged perjury.

The trial court after hearing argument of counsel and consideration of the record, including the depositions, interrogatories and answers thereto, found that defendant Wills swore falsely with respect to his prior driving record, his driver's license and his criminal record, in a deposition and answers to interrogatories. This finding of fact was predicated upon defendant Wills' admission in a deposition, of previous untruthful answers under oath, elicited when defendant Wills was confronted by plaintiff's counsel with documents showing his prior criminal record. The trial court found that defendant Wills' false swearing was deliberate, without excuse, in an attempt to secrete facts from the trial court. The trial court held that defendant Wills' willful failure to make truthful discovery under oath was a total failure to make discovery in regard to his driving record, his driver's license, and his criminal record in "direct violation of the requirements of the Civil

Practice Act of Georgia mandating the most extreme sanctions." The trial court ordered the striking of the answer of defendant Wills, and entry of judgment by default, the plaintiff to have judgment against Wills, "for costs of this action plus any and all damages which may be assessed against . . . [defendant] Wills at such time as the issue of damages may be submitted to the trier of fact." It was further ordered that plaintiff recover $7,800 as attorneys fees and $850 expenses as a result of defendant Wills' failure to make truthful discovery.

Defendant Wills, by motion, requested the trial court in the alternative to make the determination that there was no just reason for delay and order entry of final judgment so as to permit an appeal under the provisions of Code Ann. § 81A-154 (b) (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049) (now OCGA § 9-11-54, effective November 1, 1982), or to certify the issues addressed in the trial court's order imposing the sanctions as being a proper subject for an immediate appeal pursuant to provisions of Code Ann. § 6-701 (a) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620) (now OCGA § 5-6-34 (a), effective November 1, 1982). Subsequently, the trial court entered an order expressing its determination that there is no just reason for delay in entry of final judgment on its order imposing sanctions upon defendant Wills, and directing the clerk of the trial court to enter final judgment upon said order pursuant to the provisions of Code Ann. § 81A-154 (b), supra. Subsequently, defendant Wills filed his notice of appeal. *Held:*

1. The action is still pending below as to other defendants, and also as to defendant Wills with respect to damages. However, as the trial court has entered its order pursuant to Code Ann. § 81A-154 (b), supra, finding that there is no just reason for delay and that final judgment as to liability is previously entered against defendant Wills we are bound to entertain this appeal. *Thurman v. Unicure, Inc.,* 151 Ga. App. 880 (1) (261 SE2d 785).

2. Sanctions for failure to make discovery under Code Ann. § 81A-137 (Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1970, p. 157; 1972, pp. 510, 530) (now OCGA § 9-11-37, effective November 1, 1982) are imposed either under sub-section (b) or sub-section (d). Before sanctions may be imposed under Code Ann. § 81A-137 (b) the party seeking discovery must first obtain an order under Code Ann. § 81A-137 (a) requiring the recalcitrant party to make discovery. It is only the violation of an order under Code Ann. § 81A-137 (a) which is punishable by the imposition of sanctions under Code Ann. § 81A-137 (b). *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, 438 (2) (254 SE2d 825); *Thornton v. Burson,* 151 Ga. App. 456, 458 (2) (260 SE2d 388). In the case sub judice there has been no order compelling

discovery pursuant to Code Ann. § 81A-137 (a), supra. Therefore, the imposition of sanctions was not authorized under Code Ann. § 81A-137 (b), supra.

"The authorization of immediate sanctions under Rule 37(d) has been construed to apply to nothing 'less than a serious or total failure to respond to interrogatories.' Halverson v. Campbell Soup Co., 374 F2d 810, 812, n. 2 (C.A. 7th, 1967). See Fox v. Studebaker-Worthington, 516 F2d 989, 995 (8th Cir. 1975). Thus, a *total* failure to serve answers or objections would constitute a failure to respond under 37(d) and would subject a party to immediate sanctions. On the other hand, answering partially or giving evasive answers evidences a dispute between the parties which is brought before the trial court by a 37(a) motion to compel discovery and is resolved through an order to compel answers or a protective order. To prevent either party from frivolously propounding questions or giving evasive answers, the trial court must require the losing party of the 37(a) battle to pay the expenses involved in obtaining the order, including attorney fees, 'unless the court feels that opposition to the motion was substantially justified' or otherwise excused. Code Ann. § 81A-137 (a) (4). See 8 Wright & Miller, Federal Practice and Procedure: Civil § 2291, pp. 809-810." *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, 439 (2), supra.

In the case sub judice, defendant Wills answered the interrogatories and appeared for his deposition thereby making the initial response required by Code Ann. § 81A-137 (d), supra. *Mayer v. Interstate Fire Ins. Co.,* supra. We note in this connection that defendant Wills has answered hundreds of questions during the course of discovery and that the veracity of most of these answers is unquestioned.

As the sanctions imposed were not authorized by Code Ann. § 81A-137 under either sub-section (b) or sub-section (d), supra, as to the particular facts and circumstances of the case sub judice, we conclude that the trial court erred in entering the order which is the subject of this appeal. At the same time, we wish to clearly state that we in no way condone the conduct of any party or individual in providing untruthful answers on discovery.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED MARCH 17, 1983 —
REHEARING DENIED MARCH 30, 1983 — 

*Michael S. Reeves, Donald M. Fain, Charles A. Wiley, Jr., Earl J. Van Gerpen,* for appellants.

*James L. Ford, R. Matthew Martin, Jule W. Felton, Jr.*, for appellee.