## 65558. WAHNSCHAFF CORPORATION v. O. E. CLARK PAPER BOX COMPANY, INC.

McMurray, Presiding Judge.

Plaintiff O. E. Clark Paper Box Company, Inc, ordered two machines from defendant Wahnschaff Corporation on August 23, 1977. On November 9, 1979, when neither machine had been delivered, plaintiff filed suit against defendant seeking restitution for the amount of money paid toward one machine and specific performance regarding the other machine, as well as damages and litigation expenses. The case was tried without a jury and defendant now appeals a money judgment in favor of plaintiff.

The case sub judice involves two contemporaneous and substantially similar contracts. By one contract, plaintiff agreed to purchase from defendant a "Customized Model 'K' Wrapper," a machine designed to build small boxes. The purchase price was $32,750, with $16,375 down and $16,375 balance to be paid within 30 days from date of shipment. By the other contract, plaintiff agreed to purchase from defendant another type of customized box-making machine, called a "Jersey Automatic." The purchase price was $51,500, with $25,750 down and the balance ($25,750) within 30 days after date of shipment. The down payments for both machines were further divided into $3,750 for each to be paid on August 23, 1977 (the date of the contract), with the remainder ($12,765 for the "K" Wrapper and $22,000 for the Jersey Automatic) payable in December 1977. Defendant agreed to ship both machines "approximately 5-6 months from receipt of firm order."

Plaintiff was unable to complete the down payment until February 1978. In May 1978, when neither machine was ready for shipment, plaintiff attempted to cancel the order for the Jersey Automatic and have the money paid applied toward the "K" Wrapper. Defendant replied that due to circumstances beyond its control and special engineering problems it was behind schedule. In addition, it had invested considerable time and money into the manufacture of the machine and that it would hold plaintiff to the contract.

Nearly a year later, defendant's attorney wrote to plaintiff to determine whether plaintiff wanted the machine or would rather not take the machine and have defendant apply a major portion of the money, already paid by plaintiff, to defray defendant's investment. The parties and their attorneys negotiated the dispute for several months further. On October 1, 1979, defendant's counsel advised plaintiff that in view of the impasse between the parties in being unable to reach a compromise the machines would be held until

October 10, 1979, at which time they would be offered for sale on the open market in order to minimize the damages it was suffering as a result of the amount of capital tied up in the machines (the "K" Wrapper was then completed and being held; the Jersey Automatic was not yet completed).

Plaintiff responded by filing suit in November 1979, seeking the return of the money it paid toward the Jersey Automatic as restitution, specific performance of the contract regarding the "K" Wrapper, damages for overtime expenses and lost profits and bad faith damages for travel and litigation expenses. Defendant sometime thereafter sold both machines, rendering specific performance impossible; and the suit became one for restitution of all monies tendered by plaintiff to defendant and for damages. The case proceeded to trial without a jury, and the trial judge found for plaintiff, awarding it $42,125 in restitution and $3,622 in litigation expenses, less payment of $1,406.45 due to defendant by plaintiff for spare parts ordered, for a total award of $44,340.55. Defendant appeals. *Held:*

1. Defendant first contends that the trial court erred in that it failed to construe the contracts so as to uphold them as provided in OCGA § 13-2-2 (4) (formerly Code Ann. § 20-704, Rule 4 (Ga. L. 1964, pp. 414, 415)). However, inasmuch as the trial court found the parties to be bound by contract, defendant's contention is in actuality that the trial court erred in not construing the *written* contracts so as to uphold them. More specifically, defendant challenges, in effect, the finding of the trial court that the written contracts were ambiguous, thereby looking to parol evidence to determine the intentions and expectations of the parties as to the ambiguous terms.

We concur with the trial court. Several provisions in the contracts were ambiguous, the most material being that defendant would ship the machines "approximately 5-6 months from receipt of firm order." Both the terms "approximately" and "firm order" are ambiguous in that their indistinctiveness makes their meaning uncertain and capable of more than one reasonable definition. See *Travelers Indemnity Co. v. A. M. Pullen & Co.,* 161 Ga. App. 784, 788-789 (6) (289 SE2d 792) and cases cited therein. The ambiguities rendered it appropriate for the trial court, as trier of fact, to consider parol evidence to determine the meaning of those material terms and thus the true agreement between the parties. OCGA § 13-2-2 (1) (formerly Code Ann. § 20-704, Rule 1). See also OCGA § 13-2-3 (formerly Code § 20-702) and OCGA § 13-2-4 (formerly Code § 20-703). Moreover, the trial court correctly concluded that the contracts were drafted by defendant and therefore the contract provisions were to be construed most favorably toward plaintiff.

OCGA § 13-2-2 (5) (formerly Code Ann. § 20-704, Rule 5). The trial court, in applying all the relevant rules of construction, correctly looked to parol evidence in addition to the written contracts to determine the true contracts between the parties.

2. Defendant's second enumeration of error is that the trial court erred in awarding litigation expenses because there was no proof of those expenses. Plaintiff alleged in its amendment to the complaint that it had incurred expenses in the amount of $3,622 in the litigation of the case, including travel expenses, and the trial court awarded plaintiff this amount over defendant's objection.

An award of litigation expenses is allowed under OCGA § 13-6-11 (formerly Code Ann. § 20-1404) upon a finding of bad faith on the part of the defendant, which the trial court so found in the case sub judice. This finding is supported by the evidence and therefore the award was permissible. However, no evidence was presented as to the amount of the litigation expenses incurred. Therefore the amount of the award is not supported by the record. "Since an allowance for damages cannot be based on guesswork [cit.], the plaintiff failed to make out a proper case for these damages," and they must therefore be stricken from the award. *Davis v. Fomon,* 144 Ga. App. 14, 15 (240 SE2d 581).

3. In defendant's final enumeration of error, it contends that the trial court erred in finding bad faith and misrepresentation and in failing to find anticipatory breach by plaintiff. Inasmuch as we have stricken the award of litigation expenses (Division 2, supra), we need not address the issues of bad faith and misrepresentation further.

Defendant contends that plaintiff's attempt to cancel the order for the Jersey Automatic in May 1978 was an anticipatory breach of the contract. We are unpersuaded by this argument. In response to plaintiff's notice that it was cancelling the order, defendant wrote, "we cannot cancel this order and we will proceed as outlined in our contract." Nearly a year later defendant's attorney wrote plaintiff asking for adequate assurance of performance. See OCGA § 11-2-609 (formerly Code Ann. § 109A-2—609 (Ga. L. 1962, pp. 156, 217)). In the meantime, however, both parties proceeded as if the attempt to cancel had never taken place. Thus, if defendant had considered plaintiff's action to be an anticipatory breach, it did not pursue any of its remedies under OCGA § 11-2-610 (formerly Code Ann. § 109A-2—610 (Ga. L. 1962, pp. 156, 218)). Moreover, if the action was considered an anticipatory breach, the conduct of the parties over the ensuing months manifests an implicit understanding that such repudiation was retracted without injury. See OCGA § 11-2-611 (formerly Code Ann. § 109A-2—611 (Ga. L. 1962, pp. 156, 218)).

On the other hand, there is substantial evidence in the record to

support the conclusion that defendant breached the contract. As of the date of defendant's attorney's letter to plaintiff, April 24, 1979, neither machine was ready for shipment (with no evidence that defendant suspended its manufacturing efforts). As of October 1, 1979, the "K" Wrapper was completed but the Jersey Automatic was not. The contracts for the machines were entered into on August 23, 1977, 20 months before the earlier date above and 25 months before the latter. Even if we were to use the "firm order" date urged by defendant, that is, when plaintiff tendered the complete down payment in February 1978, neither machine was ready 14 months later and only one was ready 19 months later, well in excess of the five to six months promised by defendant.

*Judgment affirmed with direction to strike $3,622 from the judgment allowed as litigation expenses, otherwise the judgment is reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1983.

*Warner R. Wilson, Jr.*, for appellant.
*Howell W. Ragsdale, Jr.*, for appellee.