40241. GRAVES et al. v. GRAVES.

Smith, Justice.

Decedent Alva Graves and appellant Van Graves were brothers. In 1975 they entered into an informal agreement to farm together and arranged to buy from appellant, J. J. Swain (their uncle) appropriate acreage for their operation in return for notes and a security deed. Alva Graves died in 1977. Van continued to try to farm but fell deeply into debt. Elizabeth Graves, executrix of Alva Graves' estate and his widow, filed suit in July 1979, seeking an accounting from Van

Graves, a declaration of the nature of the business arrangement between Van and Alva Graves, and injunction against foreclosure and sale of the property by J. J. Swain (who was alleged to have accepted a quitclaim deed from Van Graves which constituted a release and discharge of the debt incurred by Alva Graves and Van Graves in 1975), and other relief not pertinent here.

The court approved an agreement among the parties to proceed to trial on the sole issue of whether the quitclaim deed from Van Graves to J. J. Swain was delivered. A jury found that the deed was in fact delivered and J. J. Swain and Van Graves bring this appeal. We affirm.

1. In their first enumeration, appellants contend the court erred in allowing into evidence testimony of an attorney present at a March 1981 discussion which included J. J. Swain, Elizabeth Graves (the attorney's client), and J. J. Swain's attorney. During the discussion, according to the attorney's testimony, Swain said that he owned Van Graves' interest in the land and had a deed to prove it. Swain and his attorney denied that the statement was made. Appellants urge that the meeting in question was held for the purpose of compromise and settlement and testimony concerning the statements of Swain at the meeting should have been excluded pursuant to OCGA § 24-3-37 (Code Ann. § 38-408), which provides "Admissions . . . or propositions made with a view to a compromise are not proper evidence."

At trial, the attorney for Elizabeth Graves refused to characterize the purpose or content of the meeting as directed toward reaching a compromise or settlement. Instead, he maintained that the discussion covered the issues of the land's value and the possibility of renting it, and that the discussion was entered into in order to give Swain an opportunity to make an offer to buy out the interest in the farm held by Elizabeth Graves. No offer was forthcoming.

The purpose of OCGA § 24-3-37 (Code Ann. § 38-408) is to encourage settlements and protect parties who freely engage in negotiations directed toward resolution of lawsuits. See *Newton Bros. Inc., v. Shank,* 240 Ga. 471 (241 SE2d 231) (1978); *Benn v. McBride,* 140 Ga. App. 698 (6) (231 SE2d 438) (1976). In the present case it is clear that the parties came together, and that issues and parties involved in the present lawsuit were the topic of conversation. Nonetheless, there is no evidence whatsoever that the testimony complained of formed a part of an admission or proposition made with a view to a compromise. The record shows that whatever Swain may have had in mind when he and his attorney arrived at the meeting, no compromise or settlement proposition was offered by either party. The discussion was so vague and unfocused, according

to the testimony of Swain's attorney, that no meaningful discussions took place at all. Therefore we find that OCGA § 24-3-37 (Code Ann. § 38-408) is inapplicable to the testimony objected to and that it was not error to fail to exclude it.

2. In their second enumeration appellants contend that it was error to fail to charge on the law concerning release of a joint debtor as contained in OCGA § 13-4-80 (Code Ann. § 20-910). Appellants urge that the charge was required in light of the evidence, although no written request was made to so charge.

The issue in this case was whether Van Graves executed and delivered to J. J. Swain a certain quitclaim deed conveying all of Graves' interest in and to the farm bought by the Graves brothers from Swain in 1975. Appellants admit the execution of the deed by Van Graves, but both Van Graves and Swain deny that it was delivered to Swain. Delivery, then, was the question for the jury to decide and they found that the quitclaim deed was in fact delivered. The court properly charged on execution and delivery of deeds conveying real property, including the instruction that the grantor must intend to deliver and the grantee must agree to accept the deed as an instrument designated to transfer title in order to effect and complete delivery. It was not the province of the jury in this case to consider or decide whether delivery of the deed would effect a release by operation of law pursuant to OCGA § 13-4-80 (Code Ann. § 20-910). It was not necessary to so charge the jury and it was not error to fail to do so.

3. In their final enumeration appellants contend that the trial court erred in charging as to the form of the verdict to be returned by the jury. The court charged that a verdict in favor of the plaintiff would be, "We, the jury, find that the deed was, in fact, delivered." A defendant's verdict was to be returned in the form, "We, the jury, find the deed was not, in fact, delivered." The appellants argue that it was error to fail to include the element of acceptance of the quitclaim deed by the grantee.

The trial court had previously defined and explained in detail the legal doctrine of "delivery" in the context of transfers of title to real property. This explanation included the instruction that, "delivery of a deed consists of more than the mere handing of a deed to the grantee and in order to constitute a complete delivery there must be acceptance by the grantee; for without acceptance, as we have already said, there cannot be a complete delivery so as to pass title." In view of this charge the form of the verdict presented to the jury was adequate and not erroneous.

*Judgment affirmed. All the Justices concur.*

30

Decided January 19, 1984.

*Geer & Rentz, Peter Zack Geer, Bob Reinhardt,* for appellants.
*Rickey F. Ellis, Jr.,* for appellee.