73449. HOLBROOK CONTRACTING, INC. v. TYNER.
(354 SE2d 22)

SOGNIER, Judge.

Garnett H. Tyner III instituted two actions to foreclose materialmen's liens against construction projects of Holbrook Contracting, Inc. (Holbrook), claiming he was owed one-half the net profits (approximately $22,000) for labor and materials furnished on those projects. Holbrook answered and counterclaimed for conversion of equipment held by Tyner and for malicious abuse of process. The actions were consolidated for trial. Holbrook appeals from a judgment entered on a jury verdict awarding Tyner $11,668 plus $5,000 attorney fees on the main claim, and awarding Holbrook nothing on its counterclaim.

1. Appellant contends the trial court erred by denying its motions in limine. The record reveals that soon after initiation of the suit, appellant sent appellee interrogatories aimed at ascertaining which items of its property were held by appellee. In his unverified answer to those interrogatories, appellee did not state whether he was still in possession of any of the particular enumerated items, but stated that appellant's equipment was being held for appellant "to pick up." Subsequently the parties entered into negotiations through counsel in an effort to settle the lawsuits. The negotiations included offers by appellee to return some but not all of the retained property demanded by appellant, and by appellant to pay part but not all of the money demanded by appellee. Approximately one year after the date on which appellee answered the interrogatories, counsel for appellee informed counsel for appellant that the interrogatory answers had constituted an unconditional offer to return appellee's property.

Before trial, appellant moved the court to prohibit appellee's introduction of the interrogatory answers as evidence of such an unconditional offer on the ground that, in order to rebut such testimony, appellant would have to introduce evidence concerning the settlement negotiations, which is ordinarily inadmissible. Alternatively, appellant moved the trial court to allow the introduction of such evidence of

settlement negotiations. Both motions were denied by the trial court.

In support of its enumeration, appellant first argues that the trial court erred by admitting the testimony regarding appellee's answers to the interrogatories. We find no merit in appellant's assertion that the answers were inadmissible because the answer *could* have been subject to sanctions under OCGA § 9-11-37 due to their evasiveness or incompleteness. The record reveals there was no total failure by appellee to answer, see *Wills v. McAuley*, 166 Ga. App. 4, 6 (303 SE2d 26) (1983), and in the absence of a motion to compel appellee to supplement his answer, the applicability of any sanctions is not presented on appeal. Appellant's next argument, that the answers were inadmissible because they were unverified, misses the mark in that the issue is not whether the answers were legally insufficient but whether appellee could testify under oath that he had made them. *Gregory v. King Plumbing*, 127 Ga. App. 512 (194 SE2d 271) (1972) and *Williamson v. Lunsford*, 119 Ga. App. 240 (166 SE2d 622) (1969), cited by appellant, are therefore inapposite. We see no reason for excluding evidence that the answers were made where the party making them is testifying and the testimony is not hearsay. Compare *Carter v. Tatum*, 134 Ga. App. 345, 347 (212 SE2d 439) (1975). The trial court therefore properly denied that portion of appellant's motion in limine which sought to exclude appellee's testimony regarding his own interrogatory answers.

Appellant next argues that once the trial court permitted appellee to introduce evidence as to his alleged unconditional offer, the trial court erred when it disallowed evidence proffered by appellant concerning the settlement negotiations which rebutted appellee's allegations. Ordinarily, "admissions or propositions made with a view to a compromise are not proper evidence." OCGA § 24-3-37. "In all cases where the object sought to be proved can be proved without violation of a rule of evidence designed to prohibit prejudice, it should be done so, and the rule not broken unless by necessity, or where the merit of the evidence clearly outweighs its prejudice." *Fred F. French Mgt. Co. v. Long*, 169 Ga. App. 702, 704 (2) (314 SE2d 666) (1984). However, where the evidence is necessary for some permissible purpose, and the object is not provable by some other available means, it is not error to allow otherwise inadmissible evidence. See *Gordon v. Gordon*, 133 Ga. App. 520 (1) (211 SE2d 374) (1974). In this case, the record indicates a sufficient offer of proof by appellant on the issue, and thus we agree with appellant that the trial court erred by excluding the settlement negotiation evidence, which was admissible for the limited but permissible purpose of rebutting appellee's testimony about the unconditional offer. The improper exclusion of appellant's evidence crippled its counterclaim by forcing appellant to remain silent, leaving unrebutted appellee's testimony that he had made an unconditional offer

to return appellant's property. Appellant was obviously prejudiced thereby, and judgment on the counterclaim must therefore be reversed. See generally *City of Pearson v. Glidden Co.*, 205 Ga. 738, 742 (2) (55 SE2d 125) (1949).

Further, since the excluded evidence would have contradicted statements made by appellee in his testimony, they must be considered as affecting appellee's credibility in general. Credibility of witnesses is ordinarily a question for determination by the jury, see *Scott v. Owens-Ill.*, 173 Ga. App. 19, 22 (2) (325 SE2d 402) (1984), and we cannot say with certainty that the jury would not have been influenced to decide differently about the case-in-chief as well if the excluded evidence had been before them. Therefore, a new trial must be held on the case-in-chief as well as on the counterclaim.

2. In view of our decision in Division 1, we need consider only those enumerations likely to recur upon retrial of this case. *Schwartz v. Schwartz*, 222 Ga. 460, 461 (2) (150 SE2d 809) (1966). Appellant contends the trial court erred by failing to instruct the jury that a coequal partner is barred from filing a materialman's lien on the partnership property. We need not decide that question, as the evidence on retrial may vary. However, pretermitting the question of whether the liens in the case sub judice were filed on partnership property, we note that appellant's request to charge on this issue is a correct statement of the law, *Stephens v. Clark*, 154 Ga. App. 306 (268 SE2d 361) (1980), although the authority cited by appellant for the charge was erroneous.

*Judgment reversed. Birdsong, C. J., concurs. Banke, P. J., concurs specially.*

BANKE, Presiding Judge, concurring specially.

I write separately because I cannot agree with all that is said by the majority and because I believe the appellant is entitled to a ruling on several enumerations of error not considered by the majority.

1. I agree that the appellant should have been allowed to introduce evidence of its settlement negotiations with the appellee, but only because the appellee "opened the door" to such evidence attempting to prove that he had made an unconditional offer to permit the appellant to "pick up" its equipment. The rule prohibiting the use as evidence of "[a]dmissions or propositions made with a view to a compromise" (OCGA § 24-3-37) furthers the important public policy of encouraging out-of-court settlements by protecting "parties who freely engage in negotiations directed towards" such settlements. *Graves v. Graves*, 252 Ga. 27, 28 (310 SE2d 901) (1984). This protection is not to be disregarded lightly. See *Newton Bros. v. Shank*, 240 Ga. 471 (241 SE2d 231) (1978). However, where one party introduces evidence purporting to show that he has made an unconditional offer

to settle a claim, he has clearly abandoned the protection of the rule with respect to any evidence the other party might seek to introduce to prove that no such unconditional offer was in fact made.

2. The appellee testified unequivocally at trial that he and the appellant were "partners" on the job. It follows that the trial court erred in failing to give the appellant's requested charge that a co-equal partner does not have a right to a materialman's lien on partnership property. See *Stephens v. Clark,* 154 Ga. App. 306, 308 (268 SE2d 361) (1980).

3. The trial court's failure to charge on malicious abuse of process is rendered moot by the Supreme Court's decision in *Yost v. Torok,* 256 Ga. 92, 95-96 (344 SE2d 414) (1986), replacing that tort with the new, judicially created tort of "abusive litigation," an adjudication of which must await the disposition of the underlying action.

4. I would hold that the appellant's requested charge number 8 was not adjusted to the evidence and was properly refused.

5. I would hold that the trial court erred in charging the jury that "[a]cquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." OCGA § 24-3-36. This charge was apparently predicated on the evidence purporting to show that the appellant had made no effort to retrieve the equipment being held by the appellee after receiving the appellee's interrogatory response stating that he was holding these items "for [appellant] to pick up." The appellee does not suggest what relevant factual admission might have resulted from such inaction on the appellant's part, and I am unable to imagine any.

6. The jury's award of attorney fees to the appellee in the amount of $5,000 was not supported by evidence showing that the appellee actually incurred such expenses. See *Wahnschaff Corp. v. O. E. Clark &c. Co.,* 166 Ga. App. 242 (2) (304 SE2d 91) (1983). See generally OCGA § 13-6-11. However, I agree with the majority's implicit holding that the jury was otherwise authorized by the evidence to award attorney fees based on the absence of any bona fide controversy regarding the existence of liability on the appellant's part. See generally *Jackson v. Brinegar, Inc.,* 165 Ga. App. 432 (2) (301 SE2d 493) (1983).

DECIDED FEBRUARY 19, 1987.

*Robert H. Benfield, Jr.,* for appellant.
*L. David Wolfe,* for appellee.