## 73809. LOVELL et al. v. HOWARD.
### (357 SE2d 600)

Benham, Judge.

Appellee sued appellants for damages she incurred when her car struck a horse. She alleged in her suit that the horse was under the control of appellants and that they were negligent in allowing the horse to stray onto the public road. This appeal is from a judgment entered on a jury verdict in appellee's favor.

1. Appellants first enumerate as error the trial court's jury instruction to the effect that a violation of OCGA § 4-3-3, which provides, in pertinent part, that "[n]o owner shall permit livestock to . . . stray upon the public roads of this state. . . ," is negligence per se. Based on this court's holding in *Porier v. Spivey*, 97 Ga. App. 209 (1b) (102 SE2d 706) (1958), that a violation of the statute is not negligence per se, we are constrained to hold that the giving of the contrary instruction was error.

Appellee's reliance on *Willis v. Jones*, 89 Ga. App. 824 (2) (81 SE2d 517) (1954), for the proposition that the erroneous charge was harmless since the jury would have to find appellants guilty of common-law negligence before it could find the violation of the law to be negligence per se, is misplaced. The statute involved in that case contained a requirement that the proscribed conduct be unreasonable, thereby importing a negligence standard into the statute. The statute involved here contains no such requirement. Appellants are entitled to a new trial.

2. Since the issue is likely to arise at a new trial, it is appropriate to address appellants' other enumeration of error. It concerns the trial court's refusal of their request for a charge on comparative negligence. In support of the charge, appellants can point only to the fact that appellee was driving with her low-beam headlights despite having previously seen horses on that road, and to appellee's testimony that "I just looked up in my windshield, and there was a horse's head." Appellants assert that the cited evidence raises an inference that appellee was not paying sufficient attention to the road. We disagree. Taken together with other evidence, including testimony that the horse was 5 feet, 10 inches, tall at the head, that the only other time appellee had seen horses on that road had been in daylight, that appellee was traveling well below the speed limit, and that the horse came from her left and was moving perpendicular to her path, the cited evidence would not permit the drawing of any inference of negligence on the part of appellee. Consequently, we find no error in the trial court's refusal to charge on comparative negligence. *Beadles v. Bowen*, 106 Ga. App. 34 (4) (126 SE2d 254) (1962).

*Judgment reversed. Bank, P. J., and Carley, J., concur.*

DECIDED MAY 19, 1987.

B. Dean Grindle, Jr., for appellants.
William E. Brewer, for appellee.