A91A0259. GEORGIA KRAFT COMPANY v. FAUST.
(409 SE2d 247)

COOPER, Judge.
Plaintiff, Robert Faust, sued defendant, Georgia Kraft Company, for damage done to Faust's trailer while it was being loaded by defendant's employees. Plaintiff obtained a jury verdict for general and punitive damages, and defendant appeals from the judgment entered thereon.

Plaintiff, the owner and operator of a tractor trailer truck, contracted with defendant to haul a load of paper. The sequence of events which led to the damage in this case occurred during a span of approximately ten hours, beginning with plaintiff's arrival at defendant's loading dock. Plaintiff testified that he backed his trailer up to the loading dock and defendant's employees proceeded to use a forklift to load plaintiff's trailer with rolls of paper weighing approximately 7,000 pounds each. Plaintiff testified that he got out of his truck to watch the loading and while on his way to the rear of the

trailer, he heard the forklift engine "revving" as if it were moving at a high rate of speed. Plaintiff stated that he saw the forklift move into the trailer with such force that it caused the trailer to drop lower than the dock and then come back level. Plaintiff ran to the rear of the trailer to stop the forklift operator from once again driving into the trailer; however, by the time plaintiff got to the rear of the trailer, the forklift operator had driven into the trailer a second time, and the trailer floor had broken away from the right side wall of the trailer with the forklift still inside. One of defendant's supervisors who examined the damage ordered that a larger forklift be brought in to get the first forklift out of the trailer. The operator of the large forklift put the forks under the trailer and attempted to raise the trailer floor. According to plaintiff, in the operator's attempt to raise the trailer floor, he raised and dropped the trailer several times, and in the process broke the trailer floor until it hung almost to the ground. Plaintiff testified that he asked defendant's supervisor several times to stop the forklift operator from further destroying his trailer but that the supervisor ignored him and continued his effort to retrieve the forklift from the trailer. At defendant's request, plaintiff got into his truck and unsuccessfully attempted to pull the trailer away from the dock; however, he abandoned that attempt when he realized that he could not move the trailer and that any effort to do so would only further damage his trailer. Defendant's employees then attempted to use a crane to lift the trailer, and when that effort failed, the employees released the trailer causing it to fall to the ground, rupturing the fuel tank and destroying the entire front of the trailer. Defendant's supervisors then called in a bulldozer to push the trailer and forklift out of the parking lot. Plaintiff testified that he pleaded with the bulldozer operator not to ruin the refrigeration unit on his trailer but that the operator laughed and rammed the bulldozer into the refrigeration unit. At that point plaintiff left the scene. When defendant refused to either buy or rent plaintiff a new trailer, plaintiff settled with his insurance carrier and subsequently commenced this action against defendant.

1. Defendant contends in its first enumeration of error that the trial court erred in refusing to charge the jury on comparative negligence. Defendant argues that plaintiff was negligent in failing to determine if his truck would haul a load of paper and in participating or acquiescing in the attempt to retrieve the forklift from the trailer. One of defendant's supervisors who saw the truck after the trailer floor caved in testified that the cross-member bars on the truck did not look very thick. The crew leader testified that he arrived on the scene after it had been determined that the trailer was damaged beyond repair. He examined the underside of the trailer and concluded it was not of paper hauling quality. Plaintiff testified that although he

generally hauled produce in his truck, on occasion, he had hauled paper of the exact same nature as the paper he was to have hauled for defendant. He also testified that the paper he previously hauled weighed in excess of 42,000 pounds. The evidence reflects that at the time of the accident, only two rolls of paper had been loaded onto plaintiff's truck, and that the combined weight of the paper and the forklift could not have been more than 30,000 pounds. Plaintiff also testified that he had been present when his trailer was loaded with paper in the past, and that his truck had never before been damaged during loading of the paper. There was no expert testimony to establish that the trailer was not of paper-hauling quality or that the floor collapsed because the trailer was not of paper-hauling quality. Furthermore, there was no evidence that plaintiff negligently acquiesced in defendant's actions in trying to free the forklift from the trailer or that plaintiff's one attempt to move the trailer resulted in any damage to the truck. On the contrary, the evidence showed that following the first incident of damage to the truck, when the floor separated from the trailer wall, the remaining damage occurred from defendant's use of the large forklift, followed by the use of the crane and the bulldozer. We find the evidence cited by defendant to be insufficient to raise an inference of plaintiff's negligence; therefore, it was not error for the trial court to refuse to charge on comparative negligence. *Lovell v. Howard*, 182 Ga. App. 891 (2) (357 SE2d 600) (1987).

2. Defendant contends that the trial court erred in not directing a verdict on the issue of punitive damages. OCGA § 51-12-5.1 provides that "[p]unitive damages may be awarded only in such tort actions in which it is proven by *clear and convincing* evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." (Emphasis supplied.) There was evidence from plaintiff that he repeatedly pleaded with defendant's employees not to destroy his truck and that they proceeded to exercise little or no care to preserve his trailer during their attempt to retrieve the forklift from the trailer. Defendant put forth evidence that it operated its equipment in a normal manner and made a reasonable attempt to free the forklift from the trailer. Questions of credibility are matters for the jury's determination, *Holbrook Contracting v. Tyner*, 181 Ga. App. 838 (1), 840 (354 SE2d 22) (1987), and it is clear that the jury resolved such questions in plaintiff's favor. We find that the jury could have determined plaintiff's testimony established by clear and convincing evidence that defendant showed an entire want of care of plaintiff's trailer and raised a presumption that defendant was consciously indifferent to the consequences. Accordingly, we find no error with the trial court's denial of defendant's motion for directed verdict on the issue of punitive dam-

ages.

3. Defendant enumerates as error the trial court's refusal to charge, as requested, that "mere negligence, although gross, will not alone authorize a recovery of punitive damages." The requested charge was a correct statement of the law and applicable to the issues in the case. *BLI Constr. Co. v. Debari*, 135 Ga. App. 299 (2) (217 SE2d 426) (1975). However, since the court instructed the jury verbatim according to OCGA § 51-12-5.1, we cannot conclude that the jury did not have appropriate instructions regarding the imposition of punitive damages. Therefore, we find no error in the trial court's failure to give the requested charge.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 29, 1991.

*Jones, Cork & Miller, Carr G. Dodson, Bradley J. Survant*, for appellant.

*Brown, Katz, Flatau & Hasty, S. Phillip Brown*, for appellee.