## A93A0049. JORDAN et al. v. TROWER.
### (431 SE2d 160)

Judge John W. Sognier.

Jacqueline Trower brought suit against Mary Jordan and Christopher Elim, Jr., individually and as trustees and executors under the will of Carlton Ezekiel Reese, on a claim for injunctive and other relief and an accounting. After a jury rendered a verdict in favor of Trower, the court entered judgment for $9,000 in damages and $8,000 in attorney fees and ordered the defendants to turn the estate over to Trower. The defendants appeal from the judgment and from the court's denial of their motion for new trial.

Reese died on November 20, 1989, leaving appellee, his daughter, as his only heir at law. In his will, which he had changed shortly before his death, appellants were named as co-executors and co-trustees. After appellee's caveat to the will was rejected by the probate court, the will was admitted to probate on April 12, 1990. Under the will, the decedent bequeathed his entire estate in trust to Keisha Trower, appellee's 20-year-old daughter. Keisha Trower filed a renunciation of her interest in the estate on May 1, 1990. There being no successor beneficiary named in the will, appellee requested that appellants relinquish the estate to her as the heir at law. Appellants refused and indicated they intended to transfer the estate to Keisha free of the trust. Appellee then filed this action.

1. In three enumerations of error, appellants contend the trial court erred by denying their motion for new trial made on the ground that the evidence was insufficient to support the verdict. They contend the renunciation was invalid because Keisha previously had accepted property distributions from the estate. Alternatively, appellants maintain the renunciation should not be enforced because the outcome is contrary to the decedent's intent and because the renunciation resulted from coercion.

OCGA § 53-2-115, which sets forth the procedure for renunciation of succession to interests in property, provides in pertinent part that "[t]he following shall bar the right to renounce as to the property: . . . [a]ny acceptance of property by a transferee." Id. at (d) (2). Evidence was adduced that in December 1989, appellants disbursed approximately $460 to Keisha from the decedent's accounts for her use in purchasing clothing for the funeral and for other expenses. On April 17, 1990, appellee tendered a check for this amount to appellants. Keisha testified that she asked appellee to draw this check on their joint account because she did not want her receipt of those

funds to affect adversely her right to renounce her interest in the estate.

Possession and use of the testator's property has been held to constitute acceptance of the bequest so as to bar a later renunciation when the possession occurred over a long period of time and indicated an intent to claim rights in the property, and when the belated attempt at renunciation impaired the rights of third-party creditors. *Crumpler v. Barfield & Wilson Co.*, 114 Ga. 570 (40 SE 808) (1902) (14 years); *King v. Skellie*, 79 Ga. 147 (3 SE 614) (1887) (7 years); *Daniel v. Frost*, 62 Ga. 697 (1879) (20 years). In the case at bar, the beneficiary merely received a de minimis sum from the estate prior to the filing of the will for probate. She did not obtain, nor even seek, possession of the property of the estate as a whole and undertook no actions that would indicate an intention to assert an ownership interest in the property of the estate. Compare *Crumpler*, supra. Under these circumstances, the jury was authorized to conclude that Keisha Trower's actions did not constitute the type of "acceptance" or possession of the property of the estate that would preclude her from timely renouncing her interest.

Appellants' contention that the renunciation should not be permitted because it was contrary to the decedent's intent to will his estate to his granddaughter is without merit "because the decedent is presumed to have executed his will with knowledge of the law that entitled his heirs to disclaim his testamentary bequests, [cit.], and thus was aware that his estate plan could be altered after his death if his beneficiar[y] exercised [her] renunciation right." *Brown v. Momar, Inc.*, 201 Ga. App. 542, 545-546 (2) (411 SE2d 718) (1991).

Finally, the record is devoid of support for appellants' argument that the renunciation was procured by fraud. The evidence established that after conferring with appellee and an attorney, Keisha Trower executed the renunciation while away at college in Washington, D.C. Keisha testified that the decision was hers, that no one influenced her to renounce her interest, and that she felt that this outcome, rather than the recently executed will, reflected the decedent's true wishes. Appellants provided no evidence to rebut this testimony other than their unsubstantiated speculations. Consequently, we hold the trial court did not err by denying appellants' motion for new trial on the ground of sufficiency of the evidence.

2. Appellants contend the trial court's decision to admit into evidence a letter from their counsel to appellee's counsel was error because the letter contained a proposition made with a view to compromise and thus was inadmissible under OCGA § 24-3-37. We do not agree. The letter, written in response to a request from appellee's counsel that the estate be turned over to appellee, stated appellants' position that the renunciation had been coerced and indicated their

intention to turn the assets of the estate over to Keisha Trower free of the trust. This contention is without merit, for there is no evidence of any effort to compromise. "[T]he plaintiff . . . simply made a demand [for distribution of the estate according to law] and there was a [response] which was not in the nature of a proposition made with a view to compromise. The [letter] does not indicate any effort of the parties to reach a [compromise]. [Cit.]" *Campbell v. Mutual Svc. Corp.*, 152 Ga. App. 493, 494 (2) (263 SE2d 202) (1979). See *Graves v. Graves*, 252 Ga. 27, 28-29 (1) (310 SE2d 901) (1984); *Progressive Life Ins. Co. v. Smith*, 71 Ga. App. 157, 161 (2) (30 SE2d 411) (1944). The evidence was not required to be excluded under OCGA § 24-3-37 and was admissible to support appellee's contention that appellants were stubbornly litigious and caused her unnecessary trouble and expense by forcing her to litigate her rights to the estate, see *Progressive Life*, supra, which was relevant to her claim for litigation expenses under OCGA § 13-6-11. See generally *Altamaha Convalescent Center v. Godwin*, 137 Ga. App. 394, 395-396 (2) (224 SE2d 76) (1976).

3. Appellants' challenge to the admission of a letter concerning the payment of life insurance proceeds is likewise without merit. On cross-examination of appellant Elim, appellee's counsel elicited the testimony, over objection, that Elim had received from counsel a letter demanding payment directly to Keisha of life insurance policies purchased by the decedent naming her as the beneficiary. Elim testified that he never responded to the letter. He testified further that he discovered records indicating that insurance policies had been purchased but did not locate the policies, and acknowledged that no insurance proceeds were paid to Keisha. The trial court did not abuse its discretion by concluding that this evidence was relevant to appellee's claim of mismanagement of the estate and her petition for an accounting. See generally *Southern R. Co. v. Lawson*, 256 Ga. 798, 802 (4) (353 SE2d 491) (1987) ("The most acceptable test for relevancy is whether the evidence offered renders the desired inference more probable than it would be without the evidence. [Cits.]").

4. Appellants also maintain the trial court erred by admitting into evidence the testimony of appellee's witness concerning the value of a truck owned by the decedent without laying the proper foundation. Specifically, appellants contend the witness could not give an opinion as to value because he had not seen the truck. "Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question *or similar property* and he must give reasons for the value assessed and also he must have had an opportunity for forming a correct opinion. [Cits.]" (Emphasis supplied; punctuation omitted.) *Ricker v. Hopkins Chevrolet*, 147 Ga. App. 358, 361 (248 SE2d 720)

(1978). See OCGA § 24-9-66.

In the case at bar, the witness detailed his years of experience in valuing and appraising used vehicles in his work in vehicle financing. Based on a hypothetical question setting forth the condition and features of the truck, he gave his opinion of its value. The witness having testified concerning his familiarity with the type of vehicle at issue, his opportunity for forming a correct opinion as to value was established, and the evidence was sufficient for consideration by the jury. See *Long v. Marion*, 182 Ga. App. 361, 364-365 (4) (355 SE2d 711) (1987). Any further question as to the value of his testimony then went to its weight and credibility, not its admissibility. See id. at 365 (4).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 29, 1993.

*Brown & Hart, Carl C. Brown, Jr.*, for appellants.
*Capes, Dunbar, Sanders, Bruckner & Clarke, Ziva P. Bruckner*, for appellee.