### 64557. TUTMAN v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of one count of selling heroin in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence entered on the guilty verdict.

The undercover police officer to whom the sale was made was asked the following question on direct examination: "How did you become involved in the investigation of [appellant]?" The officer's response was: "Upon starting the investigation in that area [where the sale was subsequently made], on several occasions I was down in that area and I observed [appellant] and other subjects making drug transactions." Appellant's attorney immediately objected and, after the jury was removed, made a motion for mistrial on the ground that the officer's testimony had impermissibly placed appellant's character into issue. The trial court denied appellant's motion for mistrial but, upon the return of the jury, gave a thorough instruction that the officer's statement was "irrelevant and inadmissible" and should be disregarded.

Appellant, citing *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396) (1978), urges that the trial court's curative actions in the instant case were insufficient and that a mistrial should have been granted. "The facts in this case are distinguishable from those in the *Boyd* case. Here, the statement was made but once and the police officer, although experienced, was merely responding in narrative form to questions asking him to explain [why he became involved in the investigation of appellant]. As this is not a factually weak case, it does not appear to us to be an attempt to interject evidence of other crimes to strengthen a weak case as was inferred in *Boyd.* 'Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. [Cits.]' [Cit.]" *Lee v. State,* 154 Ga. App. 562, 565-566 (269 SE2d 65) (1980). See also *Coile v. State,* 161 Ga. App. 51 (1) (288 SE2d 859) (1982).

The trial court did not err in failing to grant appellant's motion for new trial.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 25, 1982 —
REHEARING DENIED NOVEMBER 16, 1982.

*Donald J. Stein,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, George Robinson, Assistant District Attorneys,* for appellee.