## 66633. CORDELL v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of kidnapping and of aggravated assault on a peace officer. His motion for new trial was denied. He appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. The general grounds are enumerated. The evidence clearly authorized a finding that appellant was an active member of a conspiracy to import drugs into Stewart County and was "giving the orders" on the night in question. The evidence also authorized a finding that, in furtherance of this conspiracy, appellant took part in the kidnapping and detaining of the sheriff at gunpoint. Appellant asserts that his convictions cannot stand because there was no evidence that he personally held the gun on the sheriff and detained him. Regardless of who actually held the gun and detained the sheriff, the evidence authorized a finding that appellant was a party to the crimes of kidnapping and aggravated assault on a police officer. See *Gainey v. State,* 161 Ga. App. 343 (287 SE2d 785) (1982); *Ford v. State,* 163 Ga. App. 745 (296 SE2d 85) (1982). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In response to an inquiry concerning how long he had known appellant, a witness for the state testified that appellant "had been under an active investigation by the GBI." Appellant objected and moved for a mistrial. The trial court sustained appellant's objection

and gave cautionary instructions to the jury. The motion for mistrial was denied, however, and appellant enumerates the denial of this motion as error. The actions of the trial court were not erroneous. See *Tutman v. State,* 164 Ga. App. 400 (296 SE2d 412) (1982).

3. The state was allowed to elicit testimony concerning the drug importation conspiracy. Appellant asserts that the admission of this testimony concerning illegal activity other than that for which he was being tried was prejudical and impermissibly placed his character in evidence. It appears that, at the appropriate times, the trial court instructed the jury that the evidence of the drug importation conspiracy was being admitted solely to explain the conduct of the law enforcement officers, to show the identification of appellant, or to demonstrate appellant's motive in kidnapping and detaining the sheriff. Our review of the trial court's rulings demonstrates no reversible error. See *Hanson v. State,* 143 Ga. App. 200, 201 (2) (237 SE2d 699) (1977).

4. Appellant asserts that the trial court erroneously refused to allow defense counsel to elicit testimony from a state witness concerning the amount of money that had been paid to informants. The witness testified that the informants had been paid by the GBI but that he did not know the "total dollar amount." The witness further testified that he did not presently have access to the information but could "possibly get it" from confidential files kept in Atlanta. Thereafter, defense counsel began to question the witness about the confidential files themselves. The state objected to this line of questioning and the trial judge sustained the objection.

Under these circumstances, appellant was not erroneously denied the opportunity to elicit any testimony from this witness concerning the specific amount paid to informants. The witness had testified as to the extent of his personal knowledge on that matter. The trial court sustained no objection to a line of questioning calculated to elicit any testimony that the witness was qualified to give. There was no error.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 7, 1983.

*Jon L. Coogle,* for appellant.

*John R. Parks, District Attorney, Barbara Anne Kessler, Assistant District Attorney,* for appellee.