72764. COLLINS v. THE STATE.
(348 SE2d 590)

POPE, Judge.

Greg Collins brings this appeal from his conviction and sentence of burglary. His sole enumeration cites as error the trial court's refusal to grant a mistrial based upon the unresponsive answer of an investigator for the sheriff's office to a question posed by the prosecutor on direct examination. The prosecutor inquired as to why the investigator had sent fingerprints from the crime scene to the State Crime Lab in Atlanta. The investigator responded: "I sent them there along with some other prints, known prints, of the Defendant that — we had had a lot of burglaries in — around in that area. He was suspect at that time of the —" At this point appellant interposed his

objection, viz., that the investigator's testimony that appellant was a suspect in other burglaries in the area was highly prejudicial to his case. The trial court overruled the motion for mistrial and offered to hear any suggestions defense counsel might have had regarding curative instructions. Upon receiving no suggestions, the trial court informed the jury that he had sustained the objection and instructed them "to disregard any matter referred to concerning other possible offenses."

The issues raised on appeal are controlled adversely to appellant by the holding in *Tutman v. State*, 164 Ga. App. 400 (296 SE2d 412) (1982): "Appellant, citing *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396) (1978), urges that the trial court's curative actions in the instant case were insufficient and that a mistrial should have been granted. The facts in this case are distinguishable from those in the *Boyd* case. Here, the statement was made but once and the police officer, although experienced, was merely responding in narrative form to questions asking him to explain [his actions regarding the fingerprints taken from the crime scene]. As this is not a factually weak case [see, e.g., *Hutchinson v. State*, 179 Ga. App. 485 (1) (347 SE2d 315) (1986)], it does not appear to us to be an attempt to interject evidence of other crimes to strengthen a weak case as was inferred in *Boyd*. Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned." (Citations and punctuation omitted.) Accord *Sabel v. State*, 250 Ga. 640 (5) (300 SE2d 663) (1983).

Moreover, any error in the trial court's ruling was rendered harmless by testimony elicited by appellant on cross-examination of this same witness, as well as appellant's own testimony, regarding appellant's alleged involvement in another burglary. Accord *Sherrell v. State*, 170 Ga. App. 798 (2) (318 SE2d 221) (1984). See also *Pruitt v. State*, 176 Ga. App. 317 (3) (335 SE2d 724) (1985).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 4, 1986.

*Gregory A. Hicks*, for appellant.
*Rafe Banks III, District Attorney, Garry T. Moss, Assistant District Attorney*, for appellee.