## A00A1988. McKENYE v. THE STATE.
(544 SE2d 490)

BLACKBURN, Chief Judge.

Jeremiah McKenye appeals his convictions of possession of a firearm by a convicted felon and two counts of aggravated assault. McKenye contends that the trial court: (1) erred during jury selection; (2) improperly allowed the introduction of bad character evidence; and (3) failed to properly instruct the jury during the second phase of the trial. McKenye further contends that the evidence was insufficient to support his conviction of possession of a firearm by a convicted felon.

1. In two enumerations of error, McKenye contends that the trial court erred during jury selection. Specifically, McKenye asserts that the trial court improperly (1) refused to strike a juror for cause and (2) excused another juror without legal cause.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. Before a juror is to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence.

(Citation omitted.) *Brady v. State.*[1]

(a) In the present case, juror no. 35, Mr. Sanderson, stated during voir dire that he had strong feelings against guns. He stated that he could be fair, but that he was already biased against McKenye because of the use of a gun. However, Sanderson also said that he could "definitely" listen to all the evidence, consider all the evidence and be guided by the jury instructions. Because Sanderson said he could be fair and listen to the evidence and the law before reaching a verdict, the trial court did not abuse its discretion by not striking him for cause. Additionally, "the trial transcript does not show that [McKenye] exhausted his peremptory strikes, and if [he] did not use all his strikes no harm would be shown and error cannot be said to exist." *Williams v. State.*[2]

(b) The trial court excused juror no. 34, Ms. Long, for cause at the request of the State. Long had been convicted of simple assault, after a charge of aggravated assault was reduced. Long explained that she assaulted her ex-boyfriend, and he required several stitches in his head. She stated that he deserved it, but she would not elaborate on what the boyfriend had done to deserve it. The trial court struck Long for cause because she would not fully discuss her conviction with the trial court. Because McKenye was charged with aggravated assault, the trial court did not abuse its discretion in striking Long for cause. Again, the trial transcript does not reflect whether McKenye used all his peremptory strikes, so no harm is shown by the record. *Williams v. State*, supra.

2. McKenye contends that the trial court erred by improperly allowing the introduction of bad character evidence. McKenye objected after one of the victims, a security guard, testified that McKenye had gotten into a fight across the street. Although the jury did not receive

---

[1] *Brady v. State*, 270 Ga. 574, 575 (2) (513 SE2d 199) (1999).
[2] *Williams v. State*, 146 Ga. App. 543, 544 (3) (246 SE2d 729) (1978).

any more information about the security guard's statement, the trial court was made aware that the fight across the street from the shooting had occurred the previous week and was the basis for a criminal trespass warrant that was issued against McKenye. McKenye's counsel objected and moved for a mistrial contending that the witness brought up a prior bad act which improperly placed McKenye's character into evidence. The State argued that the witness' statement was unresponsive to the question. The trial court denied the motion for mistrial and instructed the jury to disregard the witness' last statement.

The decision whether to grant a mistrial is within the sound discretion of the trial court, and the ruling will not be disturbed absent abuse. *Osborn v. State*.[3]

> "[W]here the cause of the motion lies in the voluntary remark of a witness not invited by court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned."

*Collins v. State*.[4]

In the present case, the witness' remark that McKenye had gotten into a fight on a previous occasion was unresponsive to the State's question regarding what the witness observed after the police arrived. Additionally, the jury was made aware that the criminal trespass warrant forbade McKenye from coming onto the property where the incident took place, making harmless any mention of the reason for the warrant.

3. McKenye contends that the trial court erred in its instruction to the jury in the second phase of the bifurcated trial. After the jury returned verdicts of guilty on the aggravated assault charges, evidence was presented on the possession of a firearm by a convicted felon charge. Closing arguments were presented, and the trial court charged the jury regarding possession of a firearm by a convicted felon, the definition of firearm and the felony status of possession of marijuana with intent to distribute. McKenye did not object to this charge or offer any suggested charges to the trial court. On appeal, McKenye contends that the trial court should have repeated its instructions on reasonable doubt, presumption of innocence and other general principles of law that the trial court had charged at the end of the first part of the trial.

Although McKenye failed to object to the trial court's practice and

---

[3] *Osborn v. State*, 233 Ga. App. 257, 258 (1) (504 SE2d 74) (1998).
[4] *Collins v. State*, 180 Ga. App. 220, 221 (348 SE2d 590) (1986).

failed to request that those charges be given, the trial court erred in failing to give those instructions, which protect the defendant's constitutional rights. In *Griffith v. State*,[5] the Supreme Court of Georgia held that, pursuant to the mandatory language contained in OCGA § 5-5-24 (b),[6] the trial court was required "to instruct comprehensively on the law applicable to the case, i.e., those charges which are relevant and necessary to weigh the evidence and enable the jury to discharge its duty," after arguments were completed. In *Griffith*, the trial judge gave general instructions prior to the evidence phase of the trial and failed to reiterate those charges after arguments were completed. The Supreme Court held that it was "consistent with the mandatory language of the statute that final jury instructions, i.e., those given after argument, must be complete in and of themselves." Id.

As in *Griffith*, however, "we find it highly probable that the failure of the trial court to repeat all instructions in the final charge to the jury did not contribute to the judgment; accordingly we find the error was harmless." Id. The jury had received the trial court's full instructions after arguments in the first phase of the trial; then only three hours later, the jury began deliberations in the second phase of the trial. See *Massey v. State*.[7]

4. McKenye contends that the evidence was insufficient to support his conviction of possession of a firearm by a convicted felon.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Veal v. State*.[8] See *Jackson v. Virginia*.[9]

---

[5] *Griffith v. State*, 264 Ga. 326, 327 (2) (444 SE2d 794) (1994).

[6] OCGA § 5-5-24 (b) provides:
In all cases, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein. Copies of requests shall be given to opposing counsel for their consideration prior to the charge of the court. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury but *shall instruct the jury after the arguments are completed*. The trial judge shall file with the clerk all requests submitted to him, whether given in charge or not.
(Emphasis supplied.)

[7] *Massey v. State*, 270 Ga. 76, 78 (2) (b) (508 SE2d 149) (1998).

[8] *Veal v. State*, 242 Ga. App. 873 (1) (531 SE2d 422) (2000).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewing the evidence, it reveals a certified copy of a conviction against Jeremiah McKenzie charged with a felony conviction of possession of marijuana with intent to distribute. McKenye contends that the State failed to prove that the Jeremiah *McKenzie* in the conviction was him. However, during the first phase of the trial, a witness testified that this defendant was also known as Jeremiah McKenzie. "Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary." (Punctuation omitted.) *Evans v. State*.[10] "Furthermore, the jury was authorized by law to consider evidence from the first phase of the trial during its deliberations on the charge of possession of a firearm by a felon, and it apparently did so, even without being so instructed." Id. at 217 (3). The jury was authorized to find McKenye guilty beyond a reasonable doubt of possession of a firearm by a convicted felon. *Jackson v. Virginia*, supra.

Judgment affirmed. *Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 11, 2001.

*Zell & Zell, Rodney S. Zell*, for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.

[10] *Evans v. State*, 240 Ga. App. 215, 216 (2) (522 SE2d 506) (1999).
[1] *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998).